**STATE of Tennessee, Appellee,**

v.

**David Hollie SHARP, Appellant.**

Court of Criminal Appeals of Tennessee, at Jackson.

May 22, 1980.

Permission to Appear Denied by Supreme Court July 28, 1980.

Veronica F. Coleman, Memphis, for appellant.

William M. Leech, Jr., Atty. Gen., Michael J. Passino, Asst. Atty. Gen., Nashville, Jack E. Seaman, Asst. Dist. Atty. Gen., Memphis, for appellee.

## OPINION

DWYER, Judge.

The appellant was convicted of three counts of burglary in the first degree, T.C.A. § 39–901, and sentenced to confinement for not less than five nor more than fifteen years on each count. He was also convicted of two counts of first degree criminal sexual conduct, T.C.A. § 39–3703 (1978 Supplement), and sentenced to forty years confinement in each case. The trial court ordered that sentences on two of the burglary convictions be served concurrently with the criminal sexual conduct sentences (which were ordered to be served consecutively) but consecutively to the sentence on the third burglary conviction.

The State moves to dismiss the appeal because of the appellant's failure to timely file notice of appeal as required by Rule 4(a) of the Tennessee Rules of Appellate Procedure. The new rules took effect on July 1, 1979. This case was tried on June 4–6, 1979, and the jury returned the verdicts on June 6th. The motion for new trial was filed on July 5, 1979, and was overruled on July 9th, some eight days after the new rules had become effective. Notice of appeal was not filed until October 8, 1979.

The State argues that because Rule 4(a) requires that notice of appeal be filed within 30 days of entry of judgment, the failure to timely file the notice of appeal divests this court of jurisdiction. We, note, however, that the record shows that an appeal was prayed for and granted on July 9th after the new trial motion was overruled. We also note that the trial court found the appellant to be an indigent for appeal purposes and appointed counsel to represent him. We feel that it would be unjust to deny an appeal here where the new rules took effect while the proceedings were still pending. Since the appellant complied with the procedure in effect before the advent of the new rules, we overrule the State's motion to dismiss. *See* Tenn.R.App. P. 49.

In this appeal the appellant argues that the State did not prove his sanity

beyond a reasonable doubt, that the trial court improperly questioned an expert witness, and that the court erroneously charged the jury.

Since the appellant does not attack the sufficiency of the evidence generally, but only as to proof of his sanity, it suffices to say that during the month of September, 1978, the appellant broke into and entered three dwelling houses in Memphis. The first burglary occurred on September 9th, when a woman awoke to find her three–year–old daughter missing from the bed which they shared. She shouted her daughter's name, then saw a man run out the front door. She found her daughter on the living room couch, her bloody panties lying beside her. The woman testified that some money had been taken from her purse. An examination of the child showed a laceration in the perineal area (between the vaginal opening and the anus) and blood and sperm in the rectum. At the hospital the girl passed a blood clot from her rectum.

The second burglary occurred on September 16th when a man entered a home in Memphis. A nine–year–old girl who was spending the night at the house testified that when she woke up her panties were torn and there was a strange man on top of her. She said the man fled when her friend kicked him.

The last incident transpired on September 22nd, when the parents of the victim awoke early one morning and heard their twenty–three month old daughter screaming, but found her bedroom empty. They looked outside and saw a man in the back seat of their car with his pants down kneeling over their daughter. When the father shouted, the man fled. The child's right eye was bruised, her foot was cut and bleeding, and her vaginal area was red. Some $24 was taken by the intruder. The appellant was apprehended a short time later several blocks away.

The appellant admitted the break–ins and the assault in statements given to the police which were introduced into evidence at trial. However, he denied penetrating any of the victims.

The appellant did not testify but offered two clinical psychologists, one an assistant professor and the other an associate professor at the University of Tennessee Center for the Health Sciences. Dr. William Murphy testified that the appellant was a pedophile (one who seeks sexual gratification from children) and that pedophilia is classified as a mental illness by the Diagnostic and Statistical Manual of the American Psychiatric Association. He also said that the appellant was an obsessive–compulsive and that due to his mental illness he could not control himself or conform his conduct to what is right.

The other psychologist, Dr. John Hutson, testified that the appellant was a severe pedophile who could not abate his behavior through masturbation or viewing pictures of children. He said that while the appellant was mentally ill, he was not psychotic (out of touch with reality) and that he therefore could control his conduct and conform to the requirements of the law. Both doctors agreed that the appellant was aware of what he was doing at the time of his offenses.

A jury question was raised by the conflict between Dr. Hutson's testimony that the appellant could conform his conduct to the requirements of the law and Dr. Murphy's testimony that he could not. It is clear from the jury's verdict that they accepted Dr. Hutson's testimony. We see no reason to disturb that decision. This issue is without merit.

In his second issue the appellant claims error in the trial court's questioning of one of the psychologists. The court asked Dr. Hutson if an obsessive–compulsive individual who was not psychotic would continue his obsessive acts in the presence of a policeman. He then asked whether a pedophile would continue his behavior in that situation and whether the appellant was a psychotic. The psychologist answered that a non–psychotic pedophile probably would not continue his behavior in the presence of a policeman if the behavior was illegal. Both psychologists had previously

 

testified that the appellant was not psychotic. The appellant argues that the court's question gave the jury an erroneous impression of the law of insanity. We agree that the questions suggested a test of insanity which conflicts with the American Law Institute's Model Penal Code definition as adopted by the Tennessee Supreme Court in *Graham v. State*, 547 S.W.2d 531 (Tenn. 1977). *See United States v. Brawner*, 471 F.2d 969, 991 (D.C. Cir. 1972). While the interpretation of the Court of Appeals for the District of Columbia in *Brawner* is not binding on us, we adopt its reasoning in rejecting as a test for insanity the question of whether the individual would have committed the act if a policeman had been standing at his elbow. We find no indication, however, that the court's questions affected the jury's verdict, so we overrule this issue. Tenn.R.App. P. 36(b).

■ The trial court charged the jury under *Graham v. State* that the irresistible impulse test for insanity is not the law in Tennessee. The appellant argues that that part of the charge was contradictory to the remainder of the charge on the insanity defense, which was based on T.P.I.–Crim. 36.06. Since the court's charge set out the A.L.I. insanity test, we do not feel that the appellant was in any way prejudiced by the court's instruction on irresistible impulse. This issue is overruled.

The judgment of the trial court is affirmed.

O'BRIEN and SCOTT, JJ., concur.