# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

### JANUARY 1999 SESSION



FILED

April 22, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

DAVID HOLLIS SHARP,        )
                                ) C.C.A. No. 02C01-9807-CR-00225

      Appellant,          )

                                ) Shelby County

V.                            )

                                ) Honorable James C. Beasley, Jr., Judge

                                )

STATE OF TENNESSEE,       ) (Post-Conviction)

                                )

      Appellee.           )

FOR THE APPELLANT:

DAVID HOLLIS SHARP, Pro Se
Cold Creek Correctional Facility
P.O. Box 1000
Henning, TN 38014-1000

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General & Reporter

CLINTON J. MORGAN
Counsel for the State
425 Fifth Avenue North
Nashville, TN 37243-0493

WILLIAM L. GIBBONS
District Attorney General
Criminal Justice Center
201 Poplar Avenue
Memphis, TN 38103

OPINION FILED: _____

**AFFIRMED**

**JOHN EVERETT WILLIAMS,**
Judge

# OPINION

The petitioner, David Hollis Sharp, appeals from a judgment of the Shelby County Criminal Court dismissing his petition for post-conviction relief. We AFFIRM the judgment of the trial court.

On June 6, 1979, the petitioner was convicted of three counts of first degree burglary and two counts of first degree criminal sexual conduct. This Court affirmed the petitioner's conviction on direct appeal. See State v. Sharp, 604 S.W.2d 886 (Tenn. Crim. App. 1980). The Tennessee Supreme Court denied permission to appeal on July 28, 1980.

On May 22, 1998, the petitioner filed a pro se petition for post-conviction relief challenging his convictions of first degree criminal sexual conduct. The petitioner alleges (1) that he was denied effective assistance of counsel at trial, (2) that criminal sexual conduct was not a "substantive criminal offense" proscribed by the Tennessee Code, (3) that the trial court erred in failing to instruct the jury as to lesser included offenses, and (4) that the indictments were defective for failing to allege the requisite mens rea.

Finding the petition barred by the statute of limitation, the trial court dismissed the petition without an evidentiary hearing. See Donehue v. State, 963 S.W.2d 766, 767-68 (Tenn. Crim. App. 1997) (A trial court may dismiss a petition for post-conviction relief filed after the applicable statute of limitations without an evidentiary hearing.).

The evidence does not preponderate against the findings of the trial court, and we find no error of law mandating reversal. Therefore, pursuant to Rule 20 of the Court of Criminal Appeals, we AFFIRM the judgment of the trial court.

_____
JOHN EVERETT WILLIAMS, Judge

CONCUR:

_____
DAVID G. HAYES, Judge

_____
JOE G. RILEY, Judge