IN THE SUPREME COURT OF TENNESSEE

AT JACKSON

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | FOR PUBLICATION |
| | ) | |
| Appellant, | ) | Filed: June 3, 1996 |
| | ) | |
| vs. | ) | Shelby Criminal |
| | ) | |
| BRIAN KEITH KIMBROUGH, | ) | Hon. Arthur T. Bennett, Judge |
| | ) | |
| Appellee. | ) | No. 02-S-01-9503-CR-00028 |

FILED

June 3, 1996

Cecil Crowson, Jr.
Appellate Court Clerk

For Appellant:                          For Appellee:

Charles W. Burson                       A. C. Wharton
Attorney General and Reporter           Shelby County Public Defender

Jerry L. Smith                          W. Mark Ward
Deputy Attorney General                 Assistant Public Defender
Nashville, TN 37243                     Memphis, TN 38103


O P I N I O N


AFFIRMED                                              Birch, J.

We review this cause in order to address an issue of first impression: whether attempt to commit felony-murder exists as an offense in Tennessee. We conclude that it does not and affirm the judgment of the Court of Criminal Appeals reversing the appellee's conviction.

I

Terry Lewis and his brother, Jimmy Lewis, conducted a rather extensive marijuana-selling operation in their Memphis residence. On April 13, 1991, after the brothers had "serviced" approximately forty marijuana "customers," Brian Keith Kimbrough, the defendant-appellee, and two male associates went to the Lewis residence. Once inside, Kimbrough brandished a pistol. Terry Lewis struggled with Kimbrough for the pistol. During the struggle, Kimbrough fired several times. One bullet struck Jimmy Lewis. As he fell to the floor, he carried Terry Lewis with him. Kimbrough then shot Terry Lewis twice as he lay prone. Terry Lewis recovered from his wounds; Jimmy Lewis' wounds were fatal.

The grand jury indicted Kimbrough upon the following offenses:

1. First-degree (felony) murder in the commission of a robbery;

2

2.  First-degree (felony) murder in the attempt to commit robbery;

3.  Premeditated first-degree murder;

4.  Attempt to commit first-degree murder in the commission of a robbery;

5.  Attempt to commit first-degree murder in the attempt to commit a robbery; and

6.  Attempt to commit premeditated first-degree murder.

A trial ensued, and the jury convicted Kimbrough of two offenses: (1) voluntary manslaughter in the death of Jimmy Lewis; and (2) attempted first-degree (felony) murder in the attempted commission of a robbery. For the manslaughter conviction, the trial court imposed a six-year sentence; for the attempted felony-murder conviction, the trial court imposed a twenty-five-year sentence. The sentences are consecutive.

II

As stated, the question here is whether attempt to commit felony-murder is an offense cognizable under our laws.

On direct appeal, Kimbrough insisted that the offenses attempt and felony-murder are intrinsically different: that is, attempt requires a specific intent to commit the particular crime, while the *mens rea* required for felony-murder is recklessness.

3

Thus, he reasons, the intent requirement and the recklessness requirement cannot coexist. He contends, therefore, that attempt to commit felony-murder is not cognizable as an offense under our law.

The Court of Criminal Appeals agreed with Kimbrough's position and reversed the conviction for attempt to commit felony-murder. The panel was not, however, unanimous. A dissenting judge reasoned that the *mens rea* required for felony-murder is satisfied by an intent to commit the underlying felony. Therefore, he concluded, there is no disparity between the *mens rea* required for each of the two offenses.

III

In 1989, the legislature passed the Tennessee Criminal Sentencing Reform Act.[1] It includes the following provision on criminal attempt:

> (a) A person commits criminal attempt who, acting with the kind of culpability otherwise required for the offense:
> (1) *Intentionally* engages in action or causes a result that would constitute an offense if the circumstances surrounding the conduct were as the person believes them to be;

---

[1]The Act is codified at Tenn. Code Ann. § 39-1-101 *et seq*. (1991 & Supp. 1995).

(2) Acts with *intent to cause a result* that is an element of the offense, and believes the conduct will cause the result without further conduct on the person's part; or

(3) Acts with *intent to complete a course of action or cause a result* that would constitute the offense, under the circumstances surrounding the conduct as the person believes them to be, and the conduct constitutes a substantial step toward the commission of the offense.

(b) Conduct does not constitute a substantial step under subdivision (a)(3) unless the person's entire course of action is corroborative of the intent to commit the offense.

(c) It is no defense to prosecution for criminal attempt that the offense attempted was actually committed.

Tenn. Code Ann. § 39-12-101 (1991)(emphasis added). Traditionally, the intent required for an attempt is an intent to commit the contemplated crime. *Gervin v. State*, 212 Tenn. 653, 371 S.W.2d 449, 451 (1963). "An attempt, by nature, is a failure to accomplish what one *intended* to do. Attempt means to try; it means an effort to bring about a desired result." *Keys v. State*, 766 P.2d 270, 273 (Nev. 1988). The concept of attempt seems necessarily to involve the notion of an intended consequence, for when one attempts to do something one is endeavoring or trying to do it. Hence, an attempt requires a desired, or at least an intended, consequence. Paul H. Robinson & Jane A. Grall, *Element Analysis in Defining Criminal Liability: The Model Penal Code and Beyond*, 35 Stan. L. Rev. 681, 747 n.290 (1983)[hereinafter

5

Robinson, *Element Analysis]*.  The nature of an attempt, then, is that it requires a specific intent.  *People v. Burress*, 505 N.Y.S.2d 272, 273 (A.D. 1986); *Adams v. Murphy*, 394 So. 2d 411, 413 (Fla. 1981); *State v. Smith*, 534 P.2d 1180, 1183 (Or. Ct. App. 1975).  Under Tennessee law, a person acts intentionally with respect to the nature of the conduct or its consequences when the person has a conscious objective or desire to engage in the conduct or cause the result.  Tenn. Code Ann. § 39-11-106(a)(18).

The Sentencing Reform Act also revised the felony-murder rule.  Under the version of the Act in effect at the time of appellee's crimes, first-degree murder included "[a] reckless killing of another committed in the perpetration of, or attempt to perpetrate any first degree murder, arson, rape, robbery, burglary, theft, kidnapping or aircraft piracy."  Tenn. Code Ann. § 39-13-202(a)(2)(1991).[2]  Thus, the offense of felony-murder was an unintentional killing; recklessness as a *mens rea* would suffice to support a conviction for a death occurring in the course of one of the enumerated felonies.  A person acts recklessly when he or she

> is aware of but consciously
> disregards a substantial and
> unjustifiable risk that the
> circumstances exist or the result
> will occur.  The risk must be of

---

[2]We note that the 1995 Session of the General Assembly amended the first-degree murder statute by, among other things, deleting the word "reckless" from the definition of felony-murder.  However, this deletion does not affect our opinion that the offense of attempted felony-murder does not exist in Tennessee, since under the new definition the offense of felony-murder still does not require a specific intent.

> such a nature and degree that its
> disregard constitutes a gross
> deviation from the standard of care
> that an ordinary person would
> exercise under all the circumstances
> as viewed from the accused person's
> standpoint.

Tenn. Code Ann. § 39-11-106(a)(31)(1991). Obviously, a charge of
"attempted felony-murder" is inherently inconsistent, in that it
requires that the actor have intended to commit what is deemed an
unintentional act.

One of the original purposes of the felony-murder rule
was to deter the commission of certain felonies in a dangerous or
violent way. 2 Charles E. Torcia, Wharton's Criminal Law § 147 at
300-01 (15th ed. 1994). Felony-murder differs from other forms of
murder because it holds the actor strictly accountable even where
the killing is unintended. *Id.* at 300.

> In the typical case of felony-
> murder, there is no malice in "fact"
> with respect to the homicide; the
> malice is supplied by the "law".
> There is an intended felony and an
> unintended homicide. The malice
> which plays a part in the commission
> of the felony is transferred by the
> law to the homicide. As a result of
> the fictional transfer, the homicide
> is deemed committed with malice.

*Id.* at 296.

7

At common law, where the charge was not for a completed offense, but for an attempt to commit it, only intention would suffice and mere recklessness was not enough. *See* Robinson, *Element Analysis*, 35 Stan. L. Rev. at 749-50. The relevant case law from other jurisdictions makes it clear that recklessness and negligence are incompatible with desire or intention. It is impossible to conceive of an attempt where a crime by definition may be committed recklessly or negligently but not intentionally. *See, e.g., Stennet v. State*, 564 So. 2d 95 (Ala. Crim. App. 1990)(no such offense as attempted manslaughter because recklessness required for manslaughter); *People v. Hernandez*, 614 P.2d 900, 901 (Colo. Ct. App. 1980)(offense of "attempted criminally negligent homicide" does not exist); *State v. Hemmer*, 531 N.W.2d 559, 564 (Neb. Ct. App. 1995)(no such crime as attempted reckless assault); *State v. Smith*, 534 P.2d 1180, 1183 (Or. Ct. App. 1975)(no such crime as attempted reckless murder); *State v. Vigil*, 842 P.2d 843, 848 (Utah 1992)(crime of attempted depraved indifferent homicide does not exist); *see also Hull v. State*, 553 S.W.2d 90, 94 (Tenn. Crim. App. 1977)(no such crime as attempted involuntary manslaughter; "no such crime as would require proof that one intended a result that accidentally occurred"). *But see People v. Thomas*, 729 P.2d 972 (Colo. 1986)(*en banc*)("there is no logical or legal inconsistency involved in the recognition of attempted reckless manslaughter as a crime").

8

"'Although murder may be committed without an intent to kill, *attempt* to commit murder requires a specific intent to kill.'" *Braxton v. United States*, 500 U.S. 344, 351 (1991)(quoting 4 Charles E. Torcia, Wharton's Criminal Law § 743 (14th ed. 1981)); *see, e.g., People v. Patterson*, 257 Cal. Rptr. 407, 409 (Cal. Ct. App. 1989); *State v. Gray*, 654 So. 2d 552, 554 (Fla. 1995) *overruling Amlotte v. State*, 456 So. 2d 448 (Fla. 1984); *People v. Harris*, 377 N.E.2d 28, 33 (Ill. 1978); *People v. Viser*, 343 N.E.2d 903, 910 (Ill. 1975); *Head v. State*, 443 N.E.2d 44, 51 (Ind. 1982); *State v. Huff*, 469 A.2d 1251, 1253 (Me. 1984); *State v. Dahlstrom*, 150 N.W.2d 53, 59 (Minn. 1967); *Keys v. State*, 766 P.2d 270, 273 (Nev. 1988); *Ramos v. State*, 592 P.2d 950*,* 951 (Nev. 1979); *State v. Darby*, 491 A.2d 733, 736 (N.J. Super. Ct. App. Div. 1984); *State v. Price*, 726 P.2d 857, 860 (N.M. Ct. App. 1986); *People v. Burress*, 505 N.Y.S.2d 272, 273 (N.Y. App. Div. 1986); *State v. Smith*, 534 P.2d 1180, 1183 (Or. Ct. App. 1975)*; Commonwealth v. Griffin*, 456 A.2d 171, 178 (Pa. Super. Ct. 1983)*; State v. Bell,* 785 P.2d 390, 393 (Utah 1989)*; State v. Dunbar*, 817 P.2d 1360, 1363 (Wash. 1991)(*en banc*)*; see also* Jeffrey F. Ghent, *Annotation: What Constitutes Attempted Murder*, 54 A.L.R.3d 612 (1974 & Supp. 1995)(fundamental elements of the crime of attempted murder are a specific intent to commit murder and an overt act in furtherance of that object).

A review of our entire criminal statutory scheme leads us to conclude that the legislature has already provided for those

instances in which bodily injury occurs during the commission of a crime. Tennessee law allows for enhanced punishment based on the degree of bodily injury the defendant inflicted on the victim during the commission of certain inherently dangerous offenses. *See* Tenn. Code Ann. §§ 39-13-101(a)(1)(assault with bodily injury); 39-13-102(a)(1)(A)(aggravated assault with serious bodily injury); 39-13-304(a)(4)(aggravated kidnaping with bodily injury); 39-13-305(a)(4)(especially aggravated kidnaping with serious bodily injury); 39-13-402(a)(2)(aggravated robbery with serious bodily injury); 39-13-403(a)(especially aggravated robbery with weapon and where victim suffers serious bodily injury); 39-13-502(a)(2) (aggravated rape with bodily injury); 39-13-504(a)(2)(aggravated sexual battery with bodily injury); 39-14-302(a)(2)(aggravated arson with serious bodily injury); and 39-14-404(a)(2)(especially aggravated burglary with serious bodily injury). With the exception of the assault crimes, these offenses are the same felonies included within the scope of the felony-murder statute. *See* Tenn. Code Ann. § 39-13-202(a)(2). In addition, the legislature has created the offense of reckless endangerment, which can be charged in those cases in which reckless conduct exposes others to the threat of death or to serious bodily injury. Tenn. Code Ann. § 39-13-103.

Considering that the legislature has already enacted specific offenses covering situations in which death or injury is threatened or occurs during the commission of certain felonies, we

10

conclude that to extend the felony-murder rule to cases in which no death occurs would "extend the scope of the doctrine beyond the pale of its statutory design and logical underpinnings." *Head v. State*, 443 N.E.2d 44, 51 (Ind. 1982). Of course, it goes without saying that if an accused actually possesses the requisite intent to kill, he or she may be charged with attempted murder. We simply believe that it is logically and legally impossible to attempt to perpetrate an unintentional killing.

Every jurisdiction that has addressed the question whether attempt to commit felony-murder exists as an offense has, with but a single exception, held that it does not exist. *People v. Patterson*, 257 Cal. Rptr. 407 (Cal. Ct. App. 1989); *State v. Gray*, 654 So. 2d 552 (Fla. 1995); *State v. Pratt*, 873 P.2d 800 (Idaho 1993); *People v. Viser*, 343 N.E.2d 903 (Ill. 1975); *Head v. State*, 443 N.E.2d 44 (Ind. 1982); *State v. Robinson*, 883 P.2d 764 (Kan. 1994); *Bruce v. State*, 566 A.2d 103 (Md. 1989); *State v. Dahlstrom*, 150 N.W.2d 53 (Minn. 1967); *State v. Darby*, 491 A.2d 733 (N.J. Super. Ct. App. Div. 1984); *State v. Price*, 726 P.2d 857 (N.M. Ct. App. 1986); *People v. Burress*, 505 N.Y.S.2d 272 (N.Y. App. Div. 1986); *Commonwealth v. Griffin*, 456 A.2d 171 (Pa. Super. Ct. 1983); *State v. Bell*, 785 P.2d 390 (Utah 1989); *State v. Carter*, 170 N.W.2d 681 (Wis. 1969). *But see White v. State*, 585 S.W.2d 952 (Ark. 1979)(upholding the offense of attempted felony-murder in that jurisdiction). The courts in these jurisdictions have concluded that it is illogical that someone could intend to

11

cause someone else's death through negligence or even recklessness. While one may reasonably conclude that a defendant intentionally behaved in a reckless manner and may have intended to kill the victim, it does not make sense to say that a defendant intended to kill the victim by being reckless.

We conclude that one cannot intend to accomplish the unintended. Consequently, the offense of attempted felony-murder does not exist in Tennessee. Accordingly, the Court of Criminal Appeals' judgment reversing and dismissing the appellee's conviction for attempted felony-murder is affirmed.

_____
ADOLPHO A. BIRCH, JR., Justice

CONCUR:
Anderson, C.J.
Drowota, Reid, White, JJ.