IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

JANUARY 1996 SESSION

FILED

November 27, 1996

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | C.C.A. No. 01C01-9506-CC-00178 |
| | ) | |
| Appellee, | ) | BEDFORD COUNTY |
| | ) | |
| VS. | ) | Honorable Charles Lee, Judge |
| | ) | |
| ANTONIO ERASMO ALVARADO, | ) | (Attempted Felony Murder, |
| | ) | Aggravated Assault, Aggravated |
| Appellant. | ) | Rape, Aggravated Burglary) |


DISSENTING AND CONCURRING OPINION


I agree with the majority's dismissal of the attempted felony murder

conviction. Our Supreme Court, in State v. Kimbrough, 924 S.W.2d 888 (Tenn.

1996), ruled that attempted felony murder is not a crime in Tennessee. I would

find that the attempted second degree murder conviction could be revived. After

the jury spoke, no reason exists to invalidate its verdict. The appellant should be

sentenced for that conviction without the state's having to try him again.


The jury found the appellant guilty of both attempted felony murder and

attempted second degree murder. Prior to sentencing, the trial judge narrowed

the convictions for which the appellant would be sentenced. The trial judge was

of the impression that attempted second degree murder was a lesser included

offense of felony murder.

> Court: . . . But it seems to the Court that the Attempted 2nd
> degree murder would merge with the Attempted Felony murder.
> Are we in agreement on that? Does the State agree with the
> Court?
>
> [Prosecutor]: . . . Is that what the Court is ruling? Yes, sir,
> we would agree with that.

The trial judge then <u>sua</u> <u>sponte</u> dismissed the attempted second degree murder charge.[1]

A judgment which is void is in legal effect no judgment and cannot operate as a merger since it is subject to collateral impeachment at any time.  <u>See</u> <u>Ham v. Ham</u>, 204 S.W.2d 113 (Tenn. Ct. App. 1947) (holding "such judgment unavailing as a defense . . . [as] it is obvious that the [void] judgment produced is in fact no final determination of the rights of the parties, and that no obstacle has intervened to prevent them from seeking such determination.").

At the risk of misquoting him or, even worse, misinterpreting his meaning, I rely on the perdurable statement of Professor E. E. Overton of the University of Tennessee College of Law:  "If it's void, it's void."  Dr. Overton has taught this concept to hundreds of his students, including me.  I think I know what it means now.  In the context of this case, the attempted felony murder judgment is void. The trial judge merged the attempted second degree murder with a void judgment.  A void judgment, however, cannot constitute a final determination. The attempted second degree murder conviction, therefore, could not merge with the void judgment.

The merger was void and of no legal effect.  Accordingly, I would order the trial court to enter a judgment affirming the attempted second degree murder conviction.  The trial court would then sentence the appellant on that conviction. To do otherwise wastes judicial resources.

In all else, I concur.

_____
PAUL G. SUMMERS, Judge

---

[1]  Interestingly, there appears to be neither an oral nor a written motion by either party requesting dismissal of the attempted second degree murder charge.  Moreover, the appellant's brief notes the order's irregularity.  The order was never signed by either party nor does it appear that the order was ever served on either party.