# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

### AUGUST SESSION, 1997

FILED

October 20, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| DELVIN L. DONEHUE, | ) | C.C.A. NO. 02C01-9701-CR-00034 |
| | ) | |
| Appellant, | ) | |
| | ) | SHELBY COUNTY |
| | ) | |
| V. | ) | |
| | ) | HON. JOHN P. COLTON, JR., |
| STATE OF TENNESSEE, | ) | JUDGE |
| | ) | |
| Appellee. | ) | (POST-CONVICTION) |

FOR THE APPELLANT:

**D. TYLER KELLY**
HARDEE, MARTIN & JAYNES
P.O. Box 98
Jackson, TN 38302

FOR THE APPELLEE:

**JOHN KNOX WALKUP**
Attorney General & Reporter

**KENNETH W. RUCKER**
Assistant Attorney General
425 Fifth Avenue North
2nd Floor, Cordell Hull Building
Nashville, TN 37243

**JOHN W. PIEROTTI**
District Attorney General

**ALANDA HORNE**
Assistant District Attorney General
201 Poplar Street, Suite 301
Memphis, TN 38103

OPINION FILED _____

AFFIRMED

THOMAS T. WOODALL, JUDGE

# **OPINION**

Appellant, Delvin L. Donehue, appeals as of right from the dismissal by the Shelby County Criminal Court of his petition for post-conviction relief. The petition was filed pro se and the trial court dismissed the petition without an evidentiary hearing. The trial court based its dismissal upon the fact that the petition was barred by the applicable statute of limitations. Counsel was appointed to represent petitioner in this court. We affirm the judgment of the trial court.

A brief history of this case is necessary to address the issues raised by Appellant. On March 24, 1994, the Shelby County grand jury returned an indictment against Appellant charging him in Count 1 with the offense of attempted felony murder committed in the perpetration of robbery, and in Count 2 with the offense of attempted first degree murder. Both offenses were alleged to have occurred on the same date and against the same victim. From this sparse record, it is also apparent that Appellant was charged with aggravated robbery and theft over $10,000.00 in separate indictments.

Pursuant to a negotiated plea agreement on October 4, 1994, Appellant pled guilty to Count 1 of the indictment wherein he was charged with attempted felony murder and received a sentence of fifteen (15) years in the Department of Correction. The judgment entered the same date reflects that this sentence was ordered to be served concurrently with sentences for convictions pursuant to guilty pleas to theft over $10,000.00 and aggravated robbery. Other

than in the indictment, Count 2 (charging Appellant with attempted first degree murder of the victim), is not otherwise mentioned in the record in this appeal. Also, the sentences received by Appellant for the convictions of theft over $10,000.00 and aggravated robbery are not set forth in the record.

On November 4, 1996, Appellant filed in the Criminal Court of Shelby County his petition for post-conviction relief. In this petition, Appellant stated that he was confined at the South Central Correctional Facility in Clifton [Wayne County], Tennessee. The basis for the request for relief by Appellant is the decision of our supreme court in State v. Kimbrough, 924 S.W.2d 888 (Tenn. 1996), wherein the court ruled "the offense of attempted felony murder does not exist in Tennessee." Kimbrough, 924 S.W.2d at 892. The decision in Kimbrough was filed June 3, 1996.

As of May 10, 1995, Appellant had one (1) year from that date in which to file a petition for post-conviction relief, or the claim would be barred. Tenn. Code Ann. § 40-30-202(a). There are three exceptions to this provision, however, none of the exceptions apply in Appellant's case. The claim is not based upon a final ruling of an appellate court establishing a constitutional right that was not recognized as existing at the time of Appellant's guilty plea. Neither is the claim based upon new scientific evidence establishing that the Appellant is actually innocent of the offense for which he was convicted. Finally, the claim does not involve a previous conviction which has been held to be invalid which was used to enhance the sentence.

Before this court, Appellant presents three issues. He argues that the trial court erred dismissing the petition because: (1) Appellant's conviction for attempted felony murder is void due to the trial court lacking subject matter jurisdiction; (2) the statute of limitations does not bar the petition because Kimbrough established a new constitutional rule which must be applied retroactively; and (3) the statute of limitations in Appellant's case violates his right to due process.

With regard to his first issue, we disagree that the issue of a lack of subject matter jurisdiction can be properly litigated in a petition for post-conviction relief which is time barred. This does not fall within one of the statutory exceptions to application of the statute of limitations. Tennessee Code Annotated section 40-30-202(b), specifically states that "No court shall have jurisdiction to consider a petition filed after [expiration of the statute of limitations]" unless one of the specified exceptions applies. Therefore, this issue is without merit.

Furthermore, we disagree with the Appellant that a new constitutional right was established in Kimbrough. The ruling in Kimbrough was based upon statutory construction, and was not resolved upon any constitutional issue. Therefore, this issue is also without merit.

In Appellant's third issue, he argues that, under Burford v. State, 845 S.W.2d 204 (Tenn. 1992), and Sands v. State, 903 S.W.2d 297 (Tenn. 1995), that application of the statute of limitations in his case violates his rights to due process guaranteed by the United States and Tennessee Constitutions.

In <u>Sands</u>, our supreme court summarized the basic rule from <u>Burford</u> to be:

> In certain circumstances, due process prohibits the strict application of the post-conviction statute of limitations to bar a petitioner's claim when the grounds for relief, whether legal or factual, arise after the "final action of the highest state appellate court to which an appeal is taken" -- or, in other words, when the grounds arise after the point at which the limitations period would normally have begun to run. In applying the <u>Burford</u> rule to specific factual situations, courts should utilize a three-step process: (1) determine when the limitations period would normally have begun to run; (2) determine whether the grounds for relief actually arose after the limitations period would normally have commenced; and (3) if the grounds are "later arising," determine if, under the facts of the case, a strict application of the limitations period would effectively deny the petitioner a reasonable opportunity to present the claim.

<u>Sands</u>, 903 S.W.2d at 301.

In <u>Sands</u>, our supreme court held that application of the statute of limitations in that case did not violate the petitioner's due process rights even though in his 1977 trial, the trial court purportedly shifted the burden of proof to the petitioner in violation of the United States Supreme Court's holding in <u>Sandstrom v. Montana</u>, 442 U.S. 510, (1979). In doing so, our supreme court found in <u>Sands</u> that the <u>Sandstrom</u> claim of that petitioner was not a "later arising ground" as set forth by <u>Burford</u>. Our supreme court also noted that in <u>McBee v. Grant</u>, 763 F.2d 811 (6th Cir. 1985), that the Sixth Circuit Court of Appeals stated that a "<u>Sandstrom</u>-type claim of error in jury instructions was not "novel," and should have been objected to by defendant in the 1971 trial." <u>Sands</u>, 903 S.W.2d at 302.

In light of the above, we note that our court filed its opinion in <u>State of Tennessee v. Brian Keith Kimbrough</u> on November 2, 1994. In a two-one

decision, this court held that the "crime of attempted felony murder does not exist in Tennessee."  See <u>State of Tennessee v. Brian Keith Kimbrough</u>, No. 02C01-9308-CR-00182 slip op. at 7, Shelby County (Tenn. Criminal Appeals, Jackson, Nov. 2, 1994) (Affirmed <u>State v. Kimbrough</u>, 924 S.W.2d 888 (Tenn. 1996).  As noted above, Appellant had one (1) year from May 1, 1995 in which to file a petition for post-conviction relief.  This court's opinion in <u>Kimbrough</u>, was filed approximately 18 months before the statute of limitations had run in Appellant's case.  Therefore, the issue set forth in the supreme court's decision in <u>Kimbrough</u> was not the type of "later arising issue" contemplated by <u>Burford</u>.

The judgment of the trial court is affirmed.

_____
THOMAS T. WOODALL, Judge

CONCUR:

_____
DAVID G. HAYES, Judge

_____
JERRY L. SMITH, Judge