# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT KNOXVILLE

### APRIL 1998 SESSION



**FILED**

**May 27, 1998**

**Cecil Crowson, Jr.**
Appellate Court Clerk

| | |
|---|---|
| **DONALD WELCH,** | ) |
| Appellant, | ) C.C.A. No. 03C01-9702-CR-00043 |
| | ) |
| V. | ) Sullivan County |
| | ) |
| | ) Honorable Lynn W. Brown, Judge, |
| **STATE OF TENNESSEE,** | ) Sitting by Interchange |
| | ) |
| Appellee. | ) (Post-Conviction) |
| | ) |

FOR THE APPELLANT:

Donald Welch, <u>Pro Se</u>
#204186
Hardeman County
Correctional Facility
5240 Union Springs Road
Whiteville, TN 38075

FOR THE APPELLEE:

John Knox Walkup
Attorney General & Reporter

Sandy C. Patrick
Assistant Attorney General
2d Floor Cordell Hull Building
425 Fifth Avenue North
Nashville, TN 37243-0943

H. Greeley Wells, Jr.
District Attorney General

Barry P. Staubus
Assistant District Attorney General
140 Blountville Bypass
P.O. Box 526
Blountville, TN 37617

OPINION FILED: _____

**AFFIRMED**

**PAUL G. SUMMERS,**
Judge

**O P I N I O N**

In April 1992, the appellant, Donald Welch, was convicted of aggravated rape, attempted felony murder, and theft. His convictions on direct appeal to this Court were affirmed on February 9, 1994, and the Tennessee Supreme Court denied his application for permission to appeal on May 16, 1994.

On November 12, 1996, the appellant filed a pro se petition for post-conviction relief, arguing that his conviction for attempted felony murder should be set aside because that offense does not exist in Tennessee. The trial court dismissed the petition on December 2, 1996, finding that it was filed after the statute of limitations had expired.

The appellant's sole issue on appeal is whether the trial court erred by dismissing his post-conviction petition as time barred. We affirm.

The appellant argues that the trial court erred in dismissing his petition for post-conviction relief. He asserts that the Tennessee Supreme Court's decision in State v. Kimbrough, 924 S.W.2d 888 (Tenn. 1996), held that attempted felony murder does not exist as an offense in Tennessee. Therefore, because this is the offense for which he was convicted in 1992, he argues that he was tried and convicted under a charging instrument that fails to state a claim in violation of his due process rights under the Tennessee and United States Constitutions. He contends, therefore, that his conviction and his sentence are void.

The state argues that the trial court properly dismissed the petition for post-conviction relief as time barred. It notes as a preliminary matter that although the appellant's appeal was not timely filed, it will address the merits of his appeal. The state maintains that the new Post-Conviction Procedure Act, which became effective on May 10, 1995, governs the appellant's petition. Thus, the appellant had one year from the Act's effective date, or until May 10, 1996, to

file a post-conviction petition. However, the appellant did not file his petition until November 12, 1996, which was after the statute of limitations had expired.

Based upon the record before us, we agree with the state that the appellant filed his petition after the statute of limitations had expired. The appellant's direct appeal became final with the denial of permission to appeal by the Supreme Court on May 16, 1994. As the state notes in its brief, the appellant's petition is governed by the new Post-Conviction Procedure Act, which became effective May 10, 1995, because the appellant did not file his petition for post-conviction relief until November 12, 1996. See Compiler's Notes, Tenn. Code Ann. § 40-30-201 (Supp. 1996). Accordingly, we affirm the trial court's dismissal of the appellant's petition for post-conviction relief, but note that the appellant is not precluded from filing a writ of habeas corpus.

_____
PAUL G. SUMMERS, Judge

CONCUR:

_____
JERRY L. SMITH, Judge


_____
CURWOOD WITT, Judge