IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs August 6, 2002

## ERIC D. WALLACE v. WARDEN, JAMES M. DUKES

**Direct Appeal from the Circuit Court for Lauderdale County**
**No. R.D. 5592    Joseph H. Walker, Judge**

_____

**No. W2002-00882-CCA-R3-CO  - Filed December 31, 2002**

_____

In 1995, petitioner was convicted of first degree murder and attempted first degree murder and sentenced to consecutive sentences of life and fifteen years, respectively. Petitioner now files for habeas corpus relief, alleging he was convicted based on defective indictments. The trial court summarily dismissed petitioner's claim. We affirm the trial court's dismissal.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which JOSEPH J. TIPTON and THOMAS T. WOODALL, JJ., joined.

Eric D. Wallace, Henning, Tennessee, Pro Se .

Paul G. Summers, Attorney General and Reporter, and  Kim R. Helper, Assistant Attorney General, for the appellee, State of Tennessee.

**OPINION**

In 1995, petitioner was convicted of the 1992 first degree murder, Tennessee Code Annotated section 39-13-202(a)(2), of Venita Swift and attempted first degree murder, Tennessee Code Annotated sections 39-13-202(a)(1) and 39-12-101, of Jimmy Weddle. Petitioner received consecutive sentences of life for the murder of Swift and fifteen years for the attempted first degree murder of Weddle. On direct appeal from those judgments, this Court affirmed petitioner's convictions and the trial court's judgments. See State v. Wallace, No. 02-C-01-9604-CR-00125, 1997 Tenn. Crim. App. LEXIS 718, (Tenn. Crim. App. at Jackson, July 28, 1997), *perm. to appeal denied* (Tenn. 1998). Petitioner now claims habeas corpus relief, alleging his convictions were based on defective indictments. The trial court dismissed the petitions for habeas corpus relief. We agree.

**Analysis**

Article I, section 15 of the Tennessee Constitution guarantees the right to seek habeas corpus relief. Tennessee Code Annotated sections 29-21-101 *et seq.* codifies the applicable procedures for seeking a writ. While there is no statutory time limit in which to file for habeas corpus relief, Tennessee law provides very narrow grounds upon which such relief may be granted. Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). A habeas corpus petition may be used only to contest void judgments which are facially invalid because (1) the convicting court was without jurisdiction or authority to sentence a defendant; or (2) petitioner's sentence has expired. Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993).

Petitioner does not claim that his sentence has expired. A convicting court can be without jurisdiction, as petitioner claims, if the convictions were based on defective indictments, as a valid indictment is considered an essential jurisdictional element. Dykes v. Compton, 978 S.W.2d 528, 529 (Tenn. 1998); see also State v. Hill, 954 S.W.2d 725, 727 (Tenn. 1997).

The purpose of an indictment is to sufficiently apprize a defendant of what the State intends and what must be proved to obtain a conviction. Tennessee Code Annotated section 40-13-202 states: "Statement of offense.- The indictment must state the facts constituting the offense in ordinary and concise language, without prolixity or repetition, in such a manner as to enable a person of common understanding to know what is intended, and with that degree of certainty which will enable the court, on conviction, to pronounce the proper judgment; and in no case are words as 'force and arms' or 'contrary to the form of the statute' necessary." Id. Our own supreme court has interpreted this to mean "an indictment is valid if it provides sufficient information (1) to enable the accused to know the accusation to which answer is required, (2) to furnish the court adequate basis for the entry of a proper judgment, and (3) to protect the accused from double jeopardy." Hill, 954 S.W.2d at 727. Furthermore, the Hill court recognized that an indictment need not conform to traditionally strict pleading requirements. Id. *(citing* State v. Pearce, 7 Tenn. (Peck) 66, 67 (1823)).

The indictments against petitioner were as follows:
(1) [That petitioner]. . . did unlawfully and recklessly kill Venita Swift during and [sic] attempt to perpetrate First Degree Murder, in violation of T.C.A. 39-13-202.
(2) [That petitioner] . . . did unlawfully intentionally, deliberately and with premeditation kill Venita Swift in violation of T.C.A. 39-13-202.
(3) [That petitioner] . . . did unlawfully attempt to commit the offense of First Degree Murder as defined in T.C.A. 39-13-202, in that they, the said (petitioner) and said (accomplice) did unlawfully, intentionally, deliberately, and with premeditation attempt to kill Jimmy Weddle by use of a deadly weapon, to wit: a firearm and did cause the said Jimmy Weddle to reasonably fear imminent bodily injury, in violation of T. C.A. 39-12-101, against the peace and dignity of the State of Tennessee.

Petitioner was convicted of first degree felony murder, as per Count (1) above, and attempted first degree murder, as per Count (3) above. The indictments meet the criteria as set out in Tennessee Code Annotated section 40-13-202, as they are sufficient to apprize petitioner of the charges for which he needed to prepare.

Petitioner additionally alleges his indictment for felony murder is defective, based on the reasoning of State v. Kimbrough, 924 S.W.2d 888 (Tenn. 1996). In Kimbrough, the defendant was charged with attempted felony murder, and that indictment was deemed to be defective since the crime of attempted felony murder did not exist. Id. at 892. Petitioner in the instant case is charged with felony murder during the perpetration of attempted first degree murder. The two cases are clearly distinguishable. We agree with the State that Kimbrough is not applicable here.

Petitioner also alleges that the attempted first degree murder indictment is defective because, in addition to first degree murder, it alleges elements of aggravated assault. We again agree with the State, that any surplusage in the indictment does not render it defective. An indictment will not be rendered fatal due to any surplusage if, in rejecting the surplusage, the offense is still sufficiently charged. State v. Culp, 891 S.W.2d 232, 236 (Tenn. Crim. App. 1994). The elements of attempted first degree murder are sufficiently charged in the instant case, even after rejecting the surplusage. Accordingly, we hold the indictments were not defective.

Lastly, we agree with the State that there is no merit to petitioner's claim that the trial court was in error for dismissing his petition for failure to include the judgments. Having addressed the underlying claim of defective indictments on its merits, there simply is no prejudice from the dismissal for failure to include the judgments.

We affirm the judgment of the trial court.

_____

JOHN EVERETT WILLIAMS, JUDGE