IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs February 4, 2003

## EDWARD LEE TUCKER v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Fayette County**
**No. 3749    Jon Kerry Blackwood, Judge**

**No. W2002-01813-CCA-R3-PC  - Filed July 24, 2003**

The petitioner, Edward Lee Tucker, filed a motion to withdraw his guilty plea to the charge of criminal attempt to commit first degree murder due to the invalidity of the plea.  The trial court found that the motion should be considered as a petition for post-conviction relief and dismissed the petition as barred by the statute of limitations.  Upon review of the record and the parties' briefs, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which DAVID H. WELLES and JERRY L. SMITH, JJ., joined.

Edward L. Tucker, Henning, Tennessee, Pro se.

Paul G. Summers, Attorney General and Reporter; J. Ross Dyer, Assistant Attorney General; Elizabeth T. Rice, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

### I. Factual Background

On April 15, 1992, the petitioner pled guilty to one count of criminal attempt to commit first degree murder.  Pursuant to the petitioner's plea agreement, four other counts contained in the indictment were dismissed and the petitioner received a sentence of twenty-two years incarceration in the Tennessee Department of Correction.

On April 23, 2002, the petitioner, acting pro se, filed a "Motion to Withdraw Guilty Plea." In the memorandum of law supporting his motion, the petitioner alleged that attempted first degree murder was not a recognized offense at the time of his conviction; hence, his judgment of conviction was facially void.  On April 24, 2002, the trial court entered an order finding that the petitioner's motion should be considered as a petition for post-conviction relief.  The post-conviction court dismissed the petition after determining that the petition was barred by the statute of limitations.

Subsequently, on July 22, 2002, the petitioner timely filed his notice of appeal. On appeal, the petitioner contests the dismissal of his petition. Additionally, for the first time on appeal the petitioner appears to argue that his petition should be treated as a habeas corpus petition, not as a post-conviction petition, and therefore should not be barred by the statute of limitations.

## II. Analysis

As we earlier stated, the petitioner pled guilty to attempted first degree murder. On appeal, the petitioner relies on State v. Kimbrough, 924 S.W.2d 888 (Tenn. 1996), to support his assertion that his conviction should be set aside because the offense for which he pled guilty does not exist in Tennessee. The court in Kimbrough clearly concluded that attempted felony murder is not a recognized offense. 924 S.W.2d at 892. The record reflects that the petitioner was indicted for both attempted felony murder and attempted first degree premeditated murder. However, neither the face of the guilty plea, the waiver of appeal, nor the judgment of conviction clearly reflects whether the petitioner was found guilty of attempted first degree *felony* murder or attempted first degree *premeditated* murder.[1] Regardless, the petitioner asserts that he was convicted under an instrument that violated his due process rights under both the Tennessee and Federal Constitutions and thus contends that his conviction is void.

We note that a petitioner may seek post-conviction relief "when the conviction or sentence is void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." Tenn. Code Ann. § 40-30-203 (1997). Notably, the State also has a valid interest in preventing the litigation of stale claims. See Caldwell v. State, 917 S.W.2d 662, 666 (Tenn. 1996). With these considerations in mind, our legislature enacted the 1986 "Post Conviction Procedure Act," which act became effective on July 1, 1986, and applied to any petition filed on or after that date. Tennessee Code Annotated section 40-30-102 (repealed 1995) (emphasis added) provided that "[a] prisoner in custody under sentence of a court of this state *must* petition for post-conviction relief under this chapter within three (3) years of the date of the final action of the highest state appellate court to which an appeal is taken or consideration of such petition shall be barred." However, effective May 10, 1995, the three year statute of limitations was reduced to one year by the enactment of Tennessee Code Annotated section 40-30-202(b) (1997).[2]

The petitioner pled guilty on April 15, 1992, but he did not file for post-conviction relief until April 23, 2002, well after the applicable statute of limitations. Consequently, we agree with the post-conviction court that the petition in this case was untimely filed. However, we note that our decision

---

[1] The judgment of conviction reflects that the petitioner pled guilty to "Att[empted] Murder I" in violation of Tennessee Code Annotated sections 39-12-101 and 39-13-202. The special conditions portion of the judgment indicates that counts 1, 2, 3, and 4 of the indictment were dismissed. The petitioner's guilty plea also notes that counts 1, 2, 3, and 4 of the indictment were dismissed. From our review of the indictment, it appears that count 5, to which the appellant pled guilty, charged the appellant with attempted felony murder.

[2] "[T]he provisions of the 1995 act [do] not allow[ ] the filing of a petition upon grounds that were already time-barred when the 1995 act became effective." Church v. State, 987 S.W.2d 855, 857 (Tenn. Crim. App. 1998).

does not preclude the petitioner from filing a petition for a writ of habeas corpus. <u>See</u> <u>Donald Welch v. State</u>, No. 03C01-9702-CR-00043, 1998 Tenn. Crim. App. LEXIS 569, at *3 (Knoxville, May 27, 1998).

## III.  Conclusion

Accordingly, we affirm the post-conviction court's dismissal of the petitioner's petition for post-conviction relief.

_____
NORMA McGEE OGLE, JUDGE