# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

## STATE OF TENNESSEE v. CHRISTOPHER HATCHER

**Appeal from the Criminal Court for Shelby County**
**No. 01-09093        Glenn Ivy Wright, Judge**

_____

**No. W2016-01389-CCA-R3-CD  -  Filed January 25, 2017**
_____

The Defendant, Christopher Hatcher, appeals from the trial court's denial of his motion to correct an illegal sentence pursuant to Tennessee Rule of Criminal Procedure 36.1. The State has filed a motion requesting that this court affirm the trial court's judgment pursuant to Rule 20 of the Rules of the Court of Criminal Appeals. Following our review, we grant the State's motion and affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed Pursuant to Rule 20 of the Rules of the Court of Criminal Appeals**

ALAN E. GLENN, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and CAMILLE R. MCMULLEN, JJ., joined.

Christopher Hatcher, Whiteville, Tennessee, pro se.

Herbert H. Slatery III, Attorney General and Reporter; Zachary T. Hinkle, Assistant Attorney General; Amy Weirich, District Attorney General; and Austin B. Scofield, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

The Defendant was indicted on first degree premeditated murder, first degree felony murder, and two counts of attempted first degree murder. *See State v. Christopher Hatcher*, No. W2003-01867-CCA-R3-CD, 2004 WL 2058909, at *1 (Tenn. Crim. App. Sept. 15, 2004), *perm. app. denied* (Tenn. Jan. 24, 2005). Following a jury trial, the Defendant was convicted of first degree felony murder, second degree murder, attempted first degree murder, and reckless endangerment. *Id.* at *10. The trial court merged the second degree murder conviction into the felony murder conviction and sentenced the Defendant to life imprisonment for felony murder. *Id.* The trial court sentenced the Defendant to twenty years for attempted first degree murder and eleven months and

twenty-nine days for reckless endangerment and ordered the Defendant to serve his sentences for the convictions concurrently to his life sentence for felony murder. *Id.* This court upheld the Defendant's convictions and sentences on direct appeal. *Id.* at \*1.

The Defendant subsequently sought post-conviction relief, alleging that his trial counsel was ineffective. The post-conviction court denied relief, and this court upheld the post-conviction court's judgment on appeal. *See Christopher Hatcher v. State*, No. W2007-02275-CCA-R3-PC, 2009 WL 55951, at \*1 (Tenn. Crim. App. Jan. 8, 2009), *perm. app. denied* (Tenn. May 26, 2009).

On February 10, 2016, the Defendant filed a motion to correct an illegal sentence pursuant to Tennessee Rule of Criminal Procedure 36.1. The Defendant maintained that he was convicted of attempted felony murder and was sentenced to twenty years. He argued that under *State v. Kimbrough*, 924 S.W.2d 888 (Tenn. 1996), attempted felony murder is not a crime in Tennessee and that as a result, the trial court was without jurisdiction to impose the twenty-year sentence. The Defendant also argued that the void sentence rendered his concurrent life sentence void also. The State filed a response, asserting that the Defendant was never indicted for or convicted of attempted felony murder. On May 4, 2016, the trial court entered an order denying the Defendant's motion.

Rule 36.1 of the Tennessee Rules of Criminal Procedure permits a defendant to seek correction of an unexpired illegal sentence at any time. *See State v. Brown*, 479 S.W.3d 200, 211 (Tenn. 2015). "[A]n illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute." Tenn. R. Crim. P. 36.1(a). Our supreme court recently interpreted the meaning of "illegal sentence" as defined in Rule 36.1 and concluded that the definition "is coextensive, and not broader than, the definition of the term in the habeas corpus context." *State v. Wooden*, 478 S.W.3d 585, 594-95 (Tenn. 2015). The court then reviewed the three categories of sentencing errors: clerical errors (those arising from a clerical mistake in the judgment sheet), appealable errors (those for which the Sentencing Act specifically provides a right of direct appeal) and fatal errors (those so profound as to render a sentence illegal and void). *Id*. Commenting on appealable errors, the court stated that those "generally involve attacks on the correctness of the methodology by which a trial court imposed sentence." *Id*. In contrast, fatal errors include "sentences imposed pursuant to an inapplicable statutory scheme, sentences designating release eligibility dates where early release is statutorily prohibited, sentences that are ordered to be served concurrently where statutorily required to be served consecutively, and sentences not authorized by any statute for the offenses." *Id*. The court held that only fatal errors render sentences illegal. *Id*.

On appeal, it appears that the Defendant concedes that he was convicted of felony murder and not attempted felony murder. Rather, he argues that he was indicted for attempted felony murder and that as a result, his conviction for felony murder is void and his resulting sentence is illegal. He maintains that the jury returned a conviction for an offense for which he was never indicted and that he never consented to an amendment to the indictment. The Defendant, however, did not raise this issue in the trial court. Therefore, this issue is waived. *Cauthern v. State*, 145 S.W.3d 571, 599 (Tenn. Crim. App. 2004) ("[A]n issue raised for the first time on appeal is waived.") (citing *State v. Alvarado*, 961 S.W.2d 136, 153 (Tenn. Crim. App. 1996)).

Moreover, the Defendant is not entitled to relief. The gravamen of the Defendant's motion is an attack upon his convictions, and "[t]he attack upon his sentence is simply a collateral effect of his endeavor to reverse his conviction and dismiss the underlying charge." *State v. Jimmy Wayne Wilson*, No. E2013-02354-CCA-R3-CD, 2014 WL 1285622, at *2 (Tenn. Crim. App. Mar. 31, 2014), *perm. app. denied* (Tenn. Nov. 19. 2014). The Defendant's argument that his sentences are illegal depends upon his conviction that he was either indicted for or convicted of attempted felony murder, which is not a criminal offense. The Defendant has not argued that "his sentence, independent of his conviction, was imposed outside of, or in contravention of, the applicable statutory authority." *Id.* The Defendant has not set forth a colorable claim that his sentence, rather than his conviction, is illegal pursuant to Rule 36.1. Furthermore, although the indictments and judgments are not included in the appellate record, this court, on direct appeal, listed the offenses for which the Defendant was indicted and convicted, none of which included attempted felony murder. *See Christopher Hatcher*, 2004 WL 2058909, at *1, 10. Accordingly, the Defendant is not entitled to relief.

When an opinion would have no precedential value, the Court of Criminal Appeals may affirm the judgment or action of the trial court by memorandum opinion when the judgment is rendered or the action is taken in a proceeding without a jury, such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge. *See* Tenn. Crim. App. R. 20. We conclude that this case satisfies the criteria of Rule 20. The judgment of the trial court, therefore, is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
ALAN E. GLENN, JUDGE