IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE

Assigned on Briefs September 29, 2020

**STATE OF TENNESSEE v. NELSON P. TROGLIN**

**Appeal from the Circuit Court for Bledsoe County**
**No. 41-1999   Thomas W. Graham, Judge**

_____

**No. E2020-00129-CCA-R3-CD**

_____

The Defendant, Nelson P. Troglin, appeals from the Bledsoe County Circuit Court's denial of his motion to correct an illegal sentence. *See* Tenn. R. Crim. P. 36.1. He contends that the trial court erred in denying relief on the basis that he was illegally convicted of the offense of attempted first degree felony murder. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROBERT H. MONTGOMERY, JR., J., delivered the opinion of the court, in which ROBERT L. HOLLOWAY, JR., and TIMOTHY L. EASTER, JJ., joined.

Nelson P. Troglin, Pikeville, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Garrett D. Ward, Assistant Attorney General; Mike Taylor, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

The Defendant's conviction relates to the attempted homicide of Mike Stafford, who was a witness against the Defendant in a homicide case. *See State v. Nelson Troglin*, No. E2005-02015-CCA-R3-CD, 2006 WL 2633107, at *1 (Tenn. Crim. App. Sept. 14, 2006), *perm. app. denied* (Tenn. Jan. 29, 2007). After the Defendant's conviction was affirmed, he petitioned for post-conviction relief, which was denied. *See Nelson Troglin v. State*, No. E2010-01838-CCA-R3-PC, 2011 WL 4790943 (Tenn. Crim. App. Oct. 11, 2011), *perm. app. denied* (Tenn. Feb. 15, 2012).

Thereafter, the Defendant filed the present motion for the correction of an illegal sentence pursuant to Tennessee Rule of Criminal Procedure 36.1. He alleged that his sentence is illegal because he was convicted of attempted first degree felony murder,

which is not an offense in Tennessee pursuant to *State v. Kimbrough*, 924 S.W.2d 888 (Tenn. 1996). More specifically, he argued that the word "premeditated" was omitted from "all [his] paper work" for attempted first degree murder, which rendered the judgment ambiguous.

The trial court entered an order denying relief. The court found that the Defendant failed to attach his three previous motions for relief pursuant to Rule 36.1 and the dispositive orders as to each, and that he had failed to explain his failure to comply with the requirement. *See* Tenn. R. Crim. P. 36.1(a). The court found, however, that even absent the Defendant's procedural shortcomings, he was not entitled to relief on the merits of his claim because his indictment reflected that he was charged with attempted first degree premeditated murder.

Tennessee Criminal Procedure Rule 36.1 states, in relevant part, that

(a)(1) Either the defendant or the state may seek to correct an illegal sentence by filing a motion to correct an illegal sentence in the trial court in which the judgment of conviction was entered. . . . The motion shall state that it is the first motion for the correction of the illegal sentence or, if a previous motion has been made, the movant shall attach to the motion a copy of each previous motion and the court's disposition thereof or shall state satisfactory reasons for the failure to do so.

(a)(2) For purposes of this rule, an illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute.

The trial court is required to file an order denying the motion if it determines that the sentence is not illegal. *Id*. at 36.1(c)(1).

Whether a motion states a colorable claim is a question of law and is reviewed de novo. *State v. Wooden*, 478 S.W.3d 585, 588 (Tenn. 2015). A colorable claim is defined as "a claim that, if taken as true and viewed in a light most favorable to the moving party, would entitle the moving party to relief under Rule 36.1." *Id*. at 593. A motion filed pursuant to Rule 36.1 "must state with particularity the factual allegations on which the claim for relief from an illegal sentence is based." *Id*. at 594. A trial court "may consult the record of the proceeding from which the allegedly illegal sentence emanated" when determining whether a motion states a colorable claim for relief. *Id*.

We note, first, that the Defendant has alleged his conviction, rather than his sentence, is illegal. As such, Rule 36.1 is not a proper avenue for relief, in that it permits relief from an illegal sentence. In any event, the Defendant's claim is based upon a faulty

factual premise insofar as he alleges that no document specifies that he was charged with attempted first degree premeditated murder. The Defendant's indictment charged that he

> did unlawfully, intentionally and with premeditation attempt to kill one Mike Stafford and in furtherance of the aforesaid attempt did shoot the said Mike Stafford with a firearm, to wit: a handgun, the aforesaid actions constituting a substantial step toward the commission of the offense of First Degree Murder[.]

*Nelson Troglin*, 2006 WL 2633107, at *22. The judgment reflects a conviction of attempted first degree murder and cites the relevant statute. The Defendant's claim that he was convicted of a crime which does not exist is unsupported by the record. The Defendant failed to state a cognizable basis for relief, and the trial court did not err in denying his motion.

In consideration of the foregoing and the record as a whole, the judgment of the trial court is affirmed.

_____
ROBERT H. MONTGOMERY, JR., JUDGE