IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs July 15, 2025

**STATE OF TENNESSEE v. DAVID ANTHONY AVERY**

**Appeal from the Criminal Court for Davidson County**
**No. 2006-C-2451    Cheryl A. Blackburn, Judge**

_____

**No. M2024-01537-CCA-R3-CD**

_____

The Petitioner, David Anthony Avery, acting pro se, appeals from the summary dismissal of his third motion pursuant to Rule 36.1 of the Tennessee Rules of Criminal Procedure seeking correction of his sentence. As grounds, the Petitioner asserts his sentence is illegal because attempted murder, a crime which he was convicted of, does not exist in Tennessee. Because the Petitioner's motion failed to state a colorable claim for relief, we affirm the judgment of the trial court.

**Tenn R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

CAMILLE R. MCMULLEN, P.J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER, and J. ROSS DYER, JJ., joined.

David Anthony Avery, Henning, Tennessee, Pro Se.

Jonathan Skrmetti, Attorney General and Reporter; Ronald L. Coleman, Senior Assistant Attorney General; Glenn R. Funk, District Attorney General; and Megan King, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

A full account of the procedural history of the Petitioner's case can be found in our most recent opinion denying his second Rule 36.1 motion. State v. Avery, No. M2024-00651-CCA-R3-CD, 2024 WL 4201411, at *1 (Tenn. Crim. App. Sept. 16, 2024) (affirming summary dismissal of second Rule 36.1 motion). The facts underlying the Petitioner's convictions stem from the June 23, 2006 robbery of a couple whose throats were slit during the commission of the robbery. The Petitioner and two co-defendants,

- 1 -

Frederick Avery and Iris Avery, were indicted on two counts of especially aggravated robbery and two counts of attempted first degree murder. State v. Avery, No. M2008-01809-CCA-R3-CD, 2009 WL 4724430, at *1 (Tenn. Crim. App. Dec. 10, 2009), perm. app. denied (Tenn. Apr. 23, 2010) (affirming convictions). Co-Defendant Iris Avery entered a guilty plea, and a jury found the Petitioner and Frederick Avery guilty of one count each of aggravated robbery, especially aggravated robbery, reckless endangerment, and attempted second degree murder. Id. The trial court sentenced the Petitioner as a Range I standard offender to twelve years for aggravated robbery, twenty-five years for especially aggravated robbery, twelve years for attempted second degree murder, and eleven months and twenty-nine days for reckless endangerment. Id. at *14. The trial court aligned the three felony sentences consecutively, for a total effective sentence of forty-nine years. Id. at *16.

In 2023, the Petitioner filed his first Rule 36.1 motion to correct an illegal sentence, arguing that the trial court misapplied enhancement factors and improperly imposed consecutive sentences. The trial court denied relief, and Petitioner appealed. This court dismissed the appeal as untimely. State v. Avery, No. M2023-01582-CCA-R3-CD (Tenn. Crim. App. Dec. 13, 2023) (Order).

On May 6, 2024, the Petitioner filed his second Rule 36.1 motion, alleging his sentence was illegal because the trial court did not have jurisdiction to impose the sentence. State v. Avery, No. M2024-00651-CCA-R3-CD, 2024 WL 4201411, at *1. The trial court summarily dismissed the motion, and this court affirmed. We stated that the Petitioner "is profoundly mistaken about the nature of the proceedings against him." Id. at *2. The criminal offenses for which the Petitioner was convicted were punishable by confinement in the Tennessee Department of Correction. This was a criminal case, and the Petitioner's claim that it was somehow a civil case is preposterous and utterly absurd. Id. at *2. We also noted that "[p]ursuant to Tennessee Code Annotated section 40-1-108, the circuit and criminal courts have original jurisdiction of all criminal matters not exclusively conferred by law on some other tribunal." Id. We affirmed the judgment of the trial court summarily dismissing the Petitioner's second Rule 36.1 motion for failure to state a colorable claim for relief.

At some point, the Petitioner subsequently filed the instant Rule 36.1 motion, his third, seeking relief from his convictions. The motion is not included in the record on appeal. On December 5, 2024, the trial court issued an order summarily denying the Petitioner's third Rule 36.1 motion. The court noted that the Petitioner's motion alleged that his "sentence is illegal because the crime of which he was convicted—Attempted Second Degree Murder—does not exist in Tennessee. In support of this argument he cites State v. Ball, 1997 WL 581118." In denying the petition, the order provided, in relevant part:

Petitioner's allegations are not the proper subject matter for a Rule 36.1 petition, but for the sake of clarity the Court will explain why Petitioner's reliance on State v. Ball is misplaced: Ball's holding was based on the former Tennessee Code Annotated § 39-13-202(a) which read in part as follows:

First degree murder-(a) First degree murder is:

… (2) A reckless killing of another committed in the perpetration of, or attempt to perpetrate, any first degree murder, arson, rape, robbery, burglary, theft, kidnapping or aircraft piracy;

(3) A reckless killing of another committed as the result of the unlawful throwing, placing or discharging of a destructive device or bomb . . . .

The court in Ball reversed the conviction stating that one cannot attempt to commit a crime that alleges "recklessness" as the culpable mental state. The murder statute at issue in Ball was superseded by Tennessee's felony murder statute, T.C.A. §39-13-202(a)(2)-(5) where recklessness may be a culpable mental state for the underlying felony. The statute in Ball was amended in 1995. [The Petitioner] was indicted for a crime committed in 2006 wherein he was charged and convicted of an attempted murder where the culpable mental state was intentionally.

The Petitioner filed a premature notice of appeal of the trial court's order. His case is now before this court for review.

## ANALYSIS

In his appellate brief, the Petitioner asserts, relying on State v. Ball, that his sentence is illegal because the crime of attempting to commit murder does not exist in Tennessee. No. 03C01-9501-CR-00018, 1997 WL 581118, at *1 (Tenn. Crim. App. Sept. 19, 1997) perm. app. denied (Tenn. June 8, 1998). In response, the State contends that the Petitioner has waived appellate review of this issue because he failed to include his third Rule 36.1 petition in the record on appeal. Waiver notwithstanding, the State asserts summary dismissal was proper because the Petitioner's motion failed to state a colorable claim for relief.

Rule 36.1 provides the defendant and the State an avenue to "seek to correct an illegal sentence," which is defined as a sentence "that is not authorized by the applicable

statutes or that directly contravenes an applicable statute." Tenn. R. Crim. P. 36.1(a)(1), (2); see also State v. Wooden, 478 S.W.3d 585, 594-95 (Tenn. 2015) (holding that "the definition of 'illegal sentence' in Rule 36.1 is coextensive with, and not broader than, the definition of the term in the habeas corpus context"). To avoid summary denial of an illegal sentence claim brought under Rule 36.1, a defendant must "state with particularity the factual allegations," Wooden, 478 S.W.3d at 594, establishing "a colorable claim that the unexpired sentence is illegal." Tenn. R. Crim. P. 36.1(b). "[F]or purposes of Rule 36.1 . . . 'colorable claim' means a claim that, if taken as true and viewed in a light most favorable to the moving party, would entitle the moving party to relief under Rule 36.1." Wooden, 478 S.W.3d at 593. The determination whether a Rule 36.1 "motion states a colorable claim for correction of an illegal sentence under Rule 36.1 is a question of law, to which de novo review applies." Id. at 589 (citing Summers v. State, 212 S.W.3d 251, 255 (Tenn. 2007)). Sentencing errors fall into three categories: clerical errors, appealable errors, and fatal errors. Id. at 595. Rule 36.1 applies only to fatal errors. Id.

As an initial matter, we acknowledge that the Petitioner failed to include the Rule 36.1 motion in the record on appeal. Where the appellate record is inadequate, the reviewing court must presume that the trial court ruled correctly. State v. Ivy, 868 S.W.2d 724, 728 (Tenn. Crim. App. 1993) (citing Herron v. State, 456 S.W.2d 873, 876 (Tenn. Crim. App. 1970)). The obligation of preparing a complete and adequate record for the issues presented on appeal rests upon the appealing party. See Tenn. R. App. P. 24(b). For this reason, any issues raised are typically waived. However, we decline to waive appellate review of this issue because Rule 36.1 does not mandate waiver under these circumstances and the order of the trial court detailing the issue presented is sufficient for meaningful appellate review.

As noted by the trial court, in State v. Ball, the defendant argued the trial court erred in not dismissing the indictment for attempt to commit first degree murder on the grounds that the indictment failed to state a cause of action. Ball, 1997 WL 581118, at *1. More specifically, the defendant alleged that Tennessee did not recognize as a crime an attempt to commit reckless killing in violation of Tennessee Code Annotated section 39-13-202(a)(3). Id. At that time, Tennessee did not recognize the crime of attempt to commit first degree murder as defined in Tennessee Code Annotated section 39-13-202(a)(2) because "all three alternative versions of criminal attempt as set out in Tennessee Code Annotated § 39-12-101(a)(1)-(3) involve[d] a specific intent." Id. at *3 (citing State v. Kimbrough, 924 S.W.2d 888 (Tenn. 1996)). The first degree murder statute was subsequently amended and deleted recklessness as its mens rea. Because the Petitioner was convicted in 2008 under the amended statute, Ball is easily distinguishable.

Moreover, the Petitioner is in effect challenging the validity of his conviction, which is not grounds for a cognizable claim under Rule 36.1. See Tenn. R. Crim. P. 12(b)(2)

(requiring objections to defects in the indictment to be raised before trial). To the extent the Petitioner claims his indictment is so defective that it fails to charge an offense, the appropriate avenue to seek relief is in the form of a habeas corpus petition. Habeas corpus is distinct from Rule 36.1, which is confined to addressing illegal sentences. Count four of the Petitioner's indictment clearly states that on June 23, 2006, the Petitioner "did attempt to intentionally and with premeditation kill Sam Gift, in violation of Tennessee Code Annotated § 39-12-101[.]" The judgment form also reflects a conviction of attempted first degree murder and cites the relevant statute. The Defendant's claim that he was convicted of a crime which does not exist is unsupported by the record. See State v. Troglin, No. E2020-00129-CCA-R3-CD, 2020 WL 6112986, at *2 (Tenn. Crim. App. Oct. 16, 2020). Accordingly, the Defendant failed to state a cognizable basis for relief, and the trial court did not err in denying his motion.

## CONCLUSION

Based on the above reasoning and authority, we affirm the judgment of the trial court.

s/ Camille R. McMullen
CAMILLE R. MCMULLEN, PRESIDING JUDGE