# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

## JOHNNY PARKER v. STEPHEN DOTSON, WARDEN, AND STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Hardeman County**
**No. 06-02-0185    Joe H. Walker, III, Judge**

---

**No. W2006-02238-CCA-R3-HC  - Filed May 3, 2007**

---

The Petitioner, Johnny Parker, appeals the lower court's denial of his petition for habeas corpus relief. The State has filed a motion requesting that this Court affirm the trial court pursuant to Rule 20, Rules of the Court of Criminal Appeals. The Petitioner has failed to assert a ground that would entitle him to habeas corpus relief.  Accordingly, we affirm the trial court's dismissal.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

DAVID G. HAYES,  J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and ALAN E. GLENN, JJ., joined.

Johnny Parker, pro se.

Robert E. Cooper, Jr., Attorney General & Reporter; Michael Moore, Solicitor General; Sophia S. Lee, Assistant Attorney General, for the appellee, State of Tennessee.

## MEMORANDUM OPINION

In 1992, the Petitioner Johnny Parker was convicted of attempt to commit first degree murder and received a twenty-three year sentence in the Tennessee Department of Correction. *See State v. Johnny Parker*, No. 03C01-9307-CR-00214 (Tenn. Crim. App., at Knoxville, Nov. 22, 1994), *perm. to appeal denied,* (Tenn. Mar. 27, 1995).  His conviction and sentence were affirmed on direct

1

appeal. *Id.* The Petitioner later sought post-conviction relief alleging that counsel was ineffective. *See Johnny Parker v. State*, No. 03C01-9706-CR-00214 (Tenn. Crim. App., at Knoxville, May 18, 1998), *perm. to appeal denied*, (Tenn. Feb. 1, 1999). The Petitioner is currently confined at the Hardeman County Correctional Center in Whiteville, Tennessee.

On September 20, 2006, the Petitioner filed a petition for habeas corpus relief in the Hardeman County Circuit Court. As grounds for relief, the Petitioner alleged that the judgment of conviction was void. In support of his allegation, the Petitioner alleged that, at the time of the offense, there was no offense of attempt to commit first degree murder. In an order entered September 20, 2006, the lower court summarily dismissed the petition. In its order, the lower court found: "Petitioner maintains there is no such offense as attempt to commit first degree murder for which he was convicted. Petitioner is not correct. Attempt to commit first degree murder is an offense in Tennessee." A timely filed notice of appeal was filed on October 17, 2006.

The determination of whether to grant habeas corpus relief is a question of law. *McLaney v. Bell,* 59 S.W.3d 90, 92 (Tenn. 2001), *overruled in part by, Summers v. State,* 212 S.W.3d 251 (Tenn. 2007). The Tennessee Constitution guarantees a convicted criminal defendant the right to seek habeas corpus relief. *See* Tenn. Const. art. I, § 15. However, the grounds upon which habeas corpus relief will be granted are very narrow. *Taylor v. State,* 995 S.W.2d 78, 83 (Tenn. 1999). A petition for habeas corpus relief may only be granted when the judgment is shown to be void, rather than merely voidable. *Id.* A judgment is void only when it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered that the convicting court was without jurisdiction or authority to sentence a defendant or that a defendant's sentence has expired. *Archer v. State,* 851 S.W.2d 157, 164 (Tenn. 1993). On the other hand, a voidable judgment or sentence is one which is facially valid and which requires evidence beyond the face of the judgment or the record of the proceedings to establish its invalidity. *Taylor,* 995 S.W.2d at 83.

A petitioner bears the burden of establishing a void judgment or illegal confinement by a preponderance of the evidence. *Wyatt v. State,* 24 S.W.3d 319, 322 (Tenn. 2000). Furthermore, it is permissible for a court to summarily dismiss a habeas corpus petition, without the appointment of counsel and without an evidentiary hearing, if there is nothing on the face of the record or judgment to indicate that the convictions or sentences addressed therein are void. *Passarella v. State,* 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994).

The Petitioner alleges that criminal attempt to commit first degree murder was not an offense in Tennessee when he was convicted. Accordingly, he asserts that the judgment against him is void. In support of his allegation, the Petitioner relies upon this Court's opinion in *State v. Brian Keith Kimbrough*, No. 02C01-9308-CR-00182 (Tenn. Crim. App., at Jackson, Nov. 2, 1994), *aff'd by*, 924 S.W.2d 888 (Tenn. 1996). The offense nullified by *Kimbrough* was criminal attempt to commit first degree <u>felony</u> murder. The Petitioner was indicted and convicted of criminal attempt to commit first degree <u>premeditated</u> murder. The decision in *Kimbrough* has no bearing on this case. Criminal attempt to commit first degree premeditated murder was and remains a valid criminal offense in the state of Tennessee.

2

The Petitioner's sentence has not expired and the trial court was with jurisdiction to enter the judgment against him. For these reasons, the lower court's dismissal of the Petitioner's request for habeas corpus relief was proper.

When an opinion would have no precedential value, the Court of Criminal Appeals may affirm the judgment or action of the trial court by memorandum opinion when the judgment is rendered or the action taken in a proceeding without a jury and such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge. *See* Tenn. R. Ct. Crim. App. 20. We conclude that this case satisfies the criteria of Rule 20. Accordingly, it is ordered that the State's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20 , Rules of the Court of Criminal Appeals.

_____

DAVID G. HAYES, JUDGE