### STATE of Tennessee

v.

### James N. COOK.

Court of Criminal Appeals of Tennessee, at Nashville.

March 20, 2007 Session.

Sept. 17, 2007.

Application for Permission to Appeal Denied by Supreme Court Jan. 28, 2008.

Robert E. Cooper, Jr., Attorney General and Reporter; Mark A. Fulks, Assistant Attorney General; Victor Johnson III, District Attorney General; and Katrin N. Miller, Assistant District Attorney General, for the appellant, the State of Tennessee.

David L. Raybin, Nashville, Tennessee, for the appellee, James N. Cook.

## OPINION

THOMAS T. WOODALL, J., delivered the opinion of the court, in which JOSEPH M. TIPTON, P.J., and J.C. McLIN, J., joined.

The State appeals the trial court's grant of Petitioner James N. Cook's petition for writ of habeas corpus, arguing that Petitioner failed to comply with the mandatory procedural requirements for pursuing habeas corpus relief. Alternatively, the State contends that Petitioner is not entitled to habeas corpus relief because Petitioner's judgment of conviction is not facially void. After a thorough review of the record, we conclude the judgment is not void, and reverse the trial court's judgment granting Petitioner habeas corpus relief. The Petitioner's conviction is reinstated.

## I. Background

On May 14, 1999, Petitioner was charged by the Davidson County Grand Jury in a two-count indictment with the offenses of custodial interference in Count 1 and especially aggravated kidnapping in Count 2. Each count alleged the victim was Stephanie Ann Cook, and that the date of the offense was October 28, 1998. Count 1, charging custodial interference, alleged that the victim was Petitioner's daughter. Count 2, charging especially aggravated kidnapping, alleged in pertinent part that Petitioner:

> ... did knowingly and unlawfully remove or confine Stephanie Ann Cook, so as to interfere substantially with the liberty of Stephanie Ann Cook, and Stephanie Ann Cook was less than thirteen (13) years of age at the time of the

removal or confinement in violation of Tennessee Code Annotated § 39–13–305, and against the peace and dignity of the State of Tennessee.

Pursuant to a negotiated plea agreement with the State, a hearing was held on April 15, 2004. Initially the negotiated agreement required Petitioner to plead guilty to the Class B felony offense of aggravated kidnapping, a lesser included offense of especially aggravated kidnapping, in exchange for the State's recommendation of a twelve-year probated sentence. Petitioner agreed to refrain from any contact with his daughter and her mother, Star Schatten, as a part of the agreement.

The trial court advised the parties that pursuant to Tennessee Code Annotated section 40–35–303, if Petitioner was convicted of aggravated kidnapping, he was not eligible to receive probation. The trial court recessed Petitioner's proceedings. When Petitioner's case was back before the court, it was announced that Petitioner had agreed to enter a plea of guilty to the charge of attempted especially aggravated kidnapping, a Class B felony, with the State's recommendation of an eight-year sentence, with twelve years of probation, the first six years supervised, and the last six years of probation unsupervised. This agreement also included the requirement that Petitioner not have contact with his daughter and her mother. Pursuant to the agreement, the State agreed to dismiss the count charging custodial interference.

Relying on *State v. Goodman*, 90 S.W.3d 557 (Tenn.2002), Petitioner filed a joint petition for writ of habeas corpus and writ of error coram nobis in February 2006. The joint petition included as exhibits the Davidson County Criminal Court case summary of Petitioner's case, the indictment, the transcript of the guilty plea submission hearing, and Petitioner's judgment of conviction. Following a hearing on Petitioner's joint petition, the trial court denied Petitioner's petition for writ of error coram nobis. The trial court, however, finding the *Goodman* decision controlling as to the facts before it, granted Petitioner's petition for habeas corpus relief.

## II. Analysis

After the return of the indictment, but seventeen months before Petitioner pled guilty to attempted especially aggravated kidnapping, our supreme court filed its opinion in *State v. Goodman*, 90 S.W.3d 557 (Tenn.2002). In *Goodman*, the defendant was indicted for the especially aggravated kidnapping of his daughter, Athene Baughman. The indictment alleged in pertinent part that the defendant "did ... unlawfully and knowingly remove and confine ATHENE BAUGHMAN, a person under thirteen (13) years of age, so as to interfere substantially with ATHENE BAUGHMAN'S liberty, in violation of TENNESSEE CODE ANNOTATED SECTION 39–13–305." *Id.* at 562.

The statutory definition of especially aggravated kidnapping was the same in the *Goodman* case as it is in Petitioner's case.

Tennessee Code Annotated section 39–13–305 defines the crime of especially aggravated kidnapping as follows:

**39–13–305. Especially aggravated kidnapping.**—(a) Especially aggravated kidnapping is a false imprisonment, as defined in § 39–13–302:

(1) Accomplished with a deadly weapon or by display of any article used or fashioned to lead the victim to reasonably believe it to be a deadly weapon;

(2) Where the victim was under the age of thirteen (13) at the time of the removal or confinement;

(3) Committed to hold the victim for ransom or reward, or as a shield or hostage; or

(4) Where the victim suffers serious bodily injury.

(b)(1) Especially aggravated kidnapping is a Class A felony.

(2) If the offender voluntarily releases the victim alive or voluntarily provides information leading to the victim's safe release, such actions shall be considered by the court as a mitigating factor at the time of sentencing.

False imprisonment, a necessary element of especially aggravated kidnapping, is defined in Tennessee Code Annotated section 39–13–302 as follows:

**39–13–302. False imprisonment.**—(a) A person commits the offense of false imprisonment who knowingly removes or confines another unlawfully so as to interfere substantially with the other's liberty.

(b) False imprisonment is a Class A misdemeanor.

Finally, the element of "unlawfully" in false imprisonment is defined in Tennessee Code Annotated section 39–13–301(2) as follows:

(2) "Unlawful" means, with respect to removal or confinement, one that is accomplished by force, threat or fraud, or, in the case of a person who is under the age of thirteen (13) or incompetent, accomplished without the consent of a parent, guardian or other person responsible for the general supervision of the minor's or incompetent's welfare.

In *Goodman,* the defendant filed a pretrial motion to dismiss the count charging especially aggravated kidnapping pursuant to Rule 12(b) of the Tennessee Rules of Criminal Procedure. The basis for the defendant's motion was that under the statutory definition of "unlawful," a natural parent could not be prosecuted for especially aggravated kidnapping of the parent's child under Tennessee Code Annotated section 39–13–305(a)(2) where there is no allegation that the child less than thirteen (13) years old was removed or confined by force, threat, or fraud. *Goodman,* 90 S.W.3d at 559. The State opposed the motion to dismiss upon an interpretation of the definition of "unlawful" that would allow only the victim's *mother* to be considered a parent. *Id.* at 560. The parties entered into the following stipulation of facts in *Goodman:*

1. Amber Baughman and [the defendant] have never been married to each other.

2. Amber Baughman gave birth to a child, Athene, in 1999. [The defendant] and Amber Baughman acknowledged that Athene is the only natural child of [the defendant] and Amber Baughman; and [the defendant] is listed on Athene's birth certificate as the father.

3. No orders or judgments of any kind have been entered in any court regarding paternity, custody, visitation or support involving the child Athene.

*Id.*

The trial court granted the defendant's motion to dismiss, the Court of Criminal Appeals reversed, and the Supreme Court reversed the judgment of the intermediate appellate court and reinstated the trial court's order dismissing the especially aggravated kidnapping charge.

On appeal to our Supreme Court, the defendant in *Goodman,* argued:

that under the plain language of this statutory definition a parent can never be prosecuted for removing or confining

his or her minor child unless the removal or confinement is accomplished by force, threat, or fraud. Since the indictment in this case did not charge force, threat, or fraud, the defendant contends that the trial court properly dismissed the indictment. The defendant says that because the statute specified "a parent" and did not use the term "custodial parent," his status as "a parent" is sufficient to preclude this prosecution. Had the General Assembly intended to require the consent of the "custodial" parent, the defendant avers that term would have been included in the statute.

*Id.* at 562–63.

In ruling in the defendant's favor, the Supreme Court held in *Goodman* that:

[t]he statute at issue in this case is clearly and plainly written. Removal or confinement is not "unlawful" if it is accomplished with the consent of "a parent." The statute does not use the term "custodial parent." The consent of "a parent" is sufficient. The State's argument that the phrase "responsible for the general supervision of the minor's or incompetent's welfare" modifies the words "a parent, guardian or other person" is unpersuasive. Considering the language in context and assuming that the General Assembly used each word in the statute purposely with the intent of conveying a meaning and serving a purpose, we are of the opinion that the phrase upon which the State relies modifies only the words "other person." This phrase serves to describe persons, in addition to parents and guardians, who may consent to the removal or confinement of a minor or incompetent. Applying the phrase in the manner suggested by the State would render the terms "parent" and "guardian" superfluous and unnecessary.

\* \* \*

Therefore, we conclude that the defendant is not subject to prosecution for especially aggravated kidnapping under Tennessee Code Annotated section 39–13–305(a)(2). The indictment in this case fails to allege that the defendant removed or confined the minor child by force, threat, or fraud, and the removal or confinement was not accomplished "without the consent of a parent" because the defendant is the minor child's father.

*Id.* at 564–65.

In its conclusion, the Supreme Court reiterated:

[f]or the reasons explained herein, we conclude that the trial court properly considered the defendant's pretrial motion under Tennessee Rules of Criminal Procedure 12 and properly granted the motion to dismiss. As the minor child's father, the defendant is not subject to prosecution for especially aggravated kidnapping under Tennessee Code Annotated section 39–13–305(a)(2) because the indictment does not allege that the minor child was removed or confined by force, threat, or fraud.

*Id.* at 565.

In the case *sub judice*, Petitioner, not surprisingly, argues that the trial court properly granted his petition for habeas corpus relief because, under the *Goodman* holding, a parent cannot be prosecuted for, much less convicted of, the especially aggravated kidnapping of his/her child who is less than thirteen (13) years of age absent allegations of force, fraud, or coercion. As a result, Petitioner argues, the judgment is void, and notwithstanding his plea of guilty, the void judgment must be set aside in a habeas corpus proceeding.

As noted above, Petitioner entered his negotiated plea agreement to attempted especially aggravated kidnapping on April

15, 2004, approximately seventeen months after the supreme court's opinion in *State v. Goodman* had been filed. In the guilty plea hearing, the following transpired:

THE COURT: [Defense counsel], is it satisfactory that the State give the Court a factual basis for the plea, and do you waive the confrontation of witnesses?

DEFENSE COUNSEL: Yes.

THE COURT: All right. General Miller.

GENERAL MILLER: Thank you, Your Honor. If this case had gone to trial, the Court and the jury would've heard testimony that the victim in this case is Stephanie Cook.

At the time of this incident, which was October the twenty-eighth of nineteen-ninety-eight, Stephanie was four years old. She is the biological daughter of the Defendant, and her mother is Star Schatten.

The Defendant had court-ordered visitation; however, he was not to take the child, Stephanie, out of the State. However, on October the twenty-eighth, nineteen-ninety-eight, one hour prior to the time that his visitation was up, he took the child and took her out of the state to Mississippi. The mother, Star Schatten, had had a private investigator watching the Defendant while he had Stephanie, because he had kidnapped the child on a prior date and she did not trust him. However, on this date the Defendant was able to elude the private investigator, by excessive driving on the interstate; and they lost contact with him.

However, the next day, on October the twenty-ninth, the private investigators were able to locate the Defendant and the child at a Hampton Inn in South Haven, Mississippi. They recovered child's (sic) clothing and also hair dye, inside the motel room. Based on these facts, the State would recommend the previously-announced disposition. We'd move to dismiss Count One.

THE COURT: All right. And she's aware of this?

GENERAL MILLER: She is, Judge. I have spoken not with her personally, but her attorney is Hal Hardin, and I speak to him almost daily. And they are aware and agree with this disposition.

THE COURT: All right. [Petitioner], you can step back up.

(WHEREUPON, [Petitioner] stood with his Counsel before the Court.)

THE COURT: [Petitioner], were you able to hear the statement made by the District Attorney?

DEFENDANT: Yes, I did.

THE COURT: And was that statement true and correct?

[PETITIONER]: Yes.

THE COURT: What is your plea to the charge of attempted especially aggravated kidnapping, guilty or not guilty?

[PETITIONER]: Guilty, Your Honor.

Our Supreme Court recently reviewed the applicable law regarding habeas corpus proceedings in *Summers v. State*, 212 S.W.3d 251 (Tenn.2007), and thoroughly, yet succinctly, summed up the factors and legal conclusions which must be reached in order for a trial court to grant habeas corpus relief. The Court stated that:

[t]he determination of whether habeas corpus relief should be granted is a question of law. *Hart v. State*, 21 S.W.3d 901, 903 (Tenn.2000). Therefore, our review is de novo with no presumption of correctness given to the findings and conclusions of the lower

courts. *State v. Livingston,* 197 S.W.3d 710, 712 (Tenn.2006).

The right to seek habeas corpus relief is guaranteed by article I, section 15 of the Tennessee Constitution, which states that "the privilege of the writ of Habeas Corpus shall not be suspended, unless when in case of rebellion or invasion, the General Assembly shall declare the public safety requires it." Habeas corpus procedure in Tennessee has been regulated by statute since 1858. *State v. Ritchie,* 20 S.W.3d 624, 629 (Tenn.2000).

Although no statute of limitations exists for filing a habeas corpus petition, the grounds upon which habeas corpus relief will be granted are narrow. *Hickman v. State,* 153 S.W.3d 16, 20 (Tenn.2004). Habeas corpus relief is available "only when 'it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." *Archer v. State,* 851 S.W.2d 157, 164 (Tenn.1993) (quoting *State v. Galloway,* 45 Tenn. (5 Cold.) 326, 336–37 (Tenn.1868)). Thus, the writ of habeas corpus will issue only in the case of a void judgment or to free a prisoner after his term of imprisonment or other restraint has expired. *Potts v. State,* 833 S.W.2d 60, 62 (Tenn.1992). Unlike a post-conviction petition, a habeas corpus petition is used to challenge void and not merely voidable judgments. *Id.* A voidable judgment is one that is facially valid and requires proof beyond the face of the record or judgment to establish its invalidity. *Dykes v. Compton,* 978 S.W.2d 528, 529 (Tenn.1998). A void judgment is one that is facially invalid because the court did not have

the statutory authority to render such judgment. *Id.*

*Summers,* 212 S.W.3d at 255–56.

The State argues in the case *sub judice* that the trial court erred in granting habeas corpus relief for several reasons: (1) the petition was not properly filed; (2) the petition was not properly served on the State; (3) the petition does not satisfy mandatory requirements of the habeas corpus statute; (4) the petition is actually a "hybrid" petition seeking both habeas corpus relief and also relief under a writ of error coram nobis; (5) the trial court erroneously allowed the petition for habeas corpus to test the sufficiency of the indictment; (6) the Petitioner's reliance on *State v. Goodman* is "specious," arguing that "nowhere in [the *Goodman* ] decision does the court indicate that the trial court lacked jurisdiction or authority over the case. On the contrary, the essence of the holding [in *Goodman* ] is that, in light of the uncontested facts, the defendant did not commit a crime and dismissal of the indictment was proper;" and (7) even if *Goodman* provides a cognizable habeas corpus claim for Petitioner, the stipulated facts provide that the kidnapping occurred through fraud, threat, or force, and there was no requirement that the indictment allege "fraud, threat, or force" and even if it was required, it was merely a procedural error.

■ As to the improper procedure arguments (1) through (4), the State did not raise these issues in the trial court, and they are therefore waived on appeal. *Hickman v. State,* 153 S.W.3d 16 (Tenn. 2004).

■ The State failed to cite any authority in its brief in support of argument (7). It, too, is therefore waived. Tenn.Ct.Crim. App. R. 10(b). We disagree with the State's assertion that the trial court based

its decision on any test of the sufficiency of the indictment. Finally, the State's argument listed above as number (6) begs the question: if the *Goodman* court held that the uncontested facts in that case (which are identical to the uncontroverted underlying facts apparent in the record in the case *sub judice*) show that the defendant in *Goodman* could not have committed a crime, why would habeas corpus relief not be proper for Petitioner for a conviction of especially aggravated kidnapping in this case?

The face of the judgment and the record of the proceedings upon which the judgment was rendered in Petitioner's case clearly show that the underlying facts are essentially identical to the facts in *Goodman*. However, Petitioner pled guilty to *attempted* especially aggravated kidnapping.

Tennessee Code Annotated section 39–12–105(c) states as follows:

> (c) It is a defense to a charge of attempt, solicitation or conspiracy to commit an offense that if the criminal object were achieved, the person would not be guilty of an offense under the law defining the offense or as an accomplice under § 39–11–402.

Accordingly, Petitioner would have had the right to assert the defense that he could not be guilty of the offense of especially aggravated kidnapping under the definition of that offense, per *Goodman*, had Petitioner originally been indicted for *attempted* especially aggravated kidnapping, the offense for which he was ultimately convicted and which he attacks in this habeas corpus proceeding. We are compelled to review this case in light of the crime for which Petitioner was *convicted*, not the crime for which he was originally indicted.

A plea of guilty waives all non-jurisdictional issues and constitutional infirmities. *See State v. McKinney*, 74 S.W.3d 291, 306 (Tenn.2002); *State v. Pettus*, 986 S.W.2d 540, 542 (Tenn.1999). The statutory right to assert a defense is non-jurisdictional. Petitioner waived his right to assert the defense set forth in Tennessee Code Annotated section 39–12–105(c) when he pled guilty to attempted especially aggravated kidnapping. The resulting judgment may have been *voidable* if collaterally attacked by a timely filed petition for post-conviction relief, but the judgment is not void on its face simply because Petitioner waived a statutory defense to the crime of conviction when he pled guilty.

It may seem to be inconsistent or incongruous to conclude that Petitioner is not entitled to habeas corpus relief from a conviction of *attempt* to commit a crime which, if he had been convicted of committing the completed substantive crime, he would apparently be entitled to habeas corpus relief. However, as recognized in *Goodman*,

> [t]his Court does not substitute its own policy judgments for those of the legislature. *Gleaves v. Checker Cab Transit Corp., Inc.*, 15 S.W.3d 799, 803 (Tenn. 2000). Instead, this Court must presume that the legislature says in a statute what it means and means in a statute what it says. *Id.* It is not for the courts to alter or amend a statute. *Id.* The General Assembly, not this Court, is empowered to amend the criminal statutes at issue in this case.

*Goodman*, 90 S.W.3d at 565.

If the General Assembly had so chosen, it could have stated in Tennessee Code Annotated section 39–12–105(c) that "[i]t is not an offense to attempt a crime for which the person would not be guilty under the law defining the offense" or other

such language. Instead, it chose the language contained in the statute creating a defense to a charge of attempt, solicitation or conspiracy. T.C.A. § 39–12–105(c). The grounds upon which habeas corpus relief can be granted are narrow. *Hickman*, 153 S.W.3d at 20. Since the statutory defense contained in Tennessee Code Annotated section 39–12–105(c) could be waived in a voluntary guilty plea because it is non-jurisdictional, Petitioner stands convicted at most by a voidable, but not void, judgment. Accordingly, he was not entitled to habeas corpus relief. Also, this is not a situation where Petitioner was convicted of an offense that does not exist in Tennessee. *See State v. Kimbrough*, 924 S.W.2d 888 (Tenn.1996) (concluding that the offense of attempted felony murder does not exist in Tennessee, and accordingly reversing the defendant's conviction for same and dismissing the charges). Attempted especially aggravated kidnapping exists as an offense in Tennessee. Just as with other crimes, there are defenses which may be asserted. They may also be waived. The State, accordingly, is entitled to relief in this appeal.

### CONCLUSION

After a thorough review of the record, we conclude that the trial court erred in granting Petitioner habeas corpus relief. Accordingly, the judgment of the trial court granting habeas corpus relief is reversed, and Petitioner's conviction for attempted especially aggravated kidnapping is reinstated.