IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs July 25, 2001

## DANNY W. HOBBS v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Sullivan County**
**No. C43,295     Phyllis H. Miller, Judge**

No. E2000-03182-CCA-R3-PC
November 7, 2001

The Petitioner/Appellee, Danny W. Hobbs, filed a petition for post conviction relief in the Criminal Court of Sullivan County. The petition was filed after expiration of the applicable statute of limitations. The trial court granted post-conviction relief and the State appeals. After review, we reverse the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Reversed.**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and ROBERT W. WEDEMEYER, J., joined.

Daniel B. Minor, Kingsport, Tennessee, for the appellee, Danny W. Hobbs.

Paul G. Summers, Attorney General and Reporter; Peter M. Coughlan, Assistant Attorney General; H. Greeley Wells, Jr., District Attorney General; and Robert H. Montgomery, Jr., Assistant District Attorney General, for the appellant, State of Tennessee.

## OPINION

The judgment of conviction which was set aside as a result of Petitioner's request for post-conviction relief is not a part of the record on appeal. However, we glean the following from the entire record, including the post-conviction court's findings in the order granting post-conviction relief.

On May 20, 1998, Petitioner entered into a negotiated plea agreement and pled guilty to the offense of introduction of drugs into a penal institution. The agreed sentence was three (3) years as a Standard, Range I offender, consecutive to two other sentences. Petitioner requested alternative sentencing, and in a hearing on July 17, 1998, the trial court granted intensive probation. From the record, we assume that judgment was entered on July 17, 1998; both parties and the trial court agreed that the petition for post-conviction relief, filed October 18, 1999, was filed more than one (1) year after the judgment became final.

The factual basis leading to the conviction was that Petitioner had introduced drugs into an institution known as the "Hay House" where he was serving a community corrections sentence. In his post-conviction petition, he alleged that the conviction was "illegal, null, and void inasmuch as Hay House is not a penal institution." He alleged that his due process rights were violated because he had entered a plea of guilty to a charge that does not exist under Tennessee law, that the sentence was therefore "cruel and unusual," and that he was denied his civil rights guaranteed by the United States Constitution since he received a prison sentence for a crime "which does not and cannot exist under Tennessee law."

After appointment of counsel, Petitioner's post-conviction attorney filed an amended petition which specifically alleged that in State v. Kendrick, 10 S.W.3d 650 (Tenn. Crim. App. 1999), this court found that the Hay House is not a penal institution as defined in Tennessee Code Annotated section 39-16-201, and reversed the conviction and dismissed the charges against defendant Kendrick. The amended petition alleged that therefore, Petitioner's conviction was null and void. No testimony was introduced at the hearing in the post-conviction court. However, both the Petitioner, through counsel, and the State, through the assistant district attorney, were afforded the opportunity to argue.

The transcript of the guilty plea hearing is not a part of the record in this appeal. The proceedings in the post-conviction court do not include any discussion concerning Petitioner's guilty plea, other than what has already been described in this opinion. Prior to the hearing, the State filed a motion to dismiss the petition for post-conviction relief because it was filed after the expiration of the statute of limitations.

The post-conviction trial court found that Petitioner's claim did not fall within any of the statutory exceptions to application of the statute of limitations contained in Tennessee Code Annotated section 40-30-202(b). However, the post-conviction court found that the statute of limitations should not apply to Petitioner pursuant to Burford v. State, 845 S.W.2d 204 (Tenn. 1992), and Sands v. State, 903 S.W.2d 297 (Tenn. 1995). The trial court found, pursuant to Burford and Sands, that application of the statute of limitations would deny Petitioner his rights to due process of law.

Without further elaboration, the court concluded that Petitioner was entitled to post-conviction relief because the statute of limitations did not apply, and dismissed the charges, thereby setting aside his conviction. Obviously, this was based upon the post-conviction court's conclusion that if Mr. Kendrick's conviction could not withstand scrutiny because the "Hay House" was not a penal institution, Petitioner Hobbs' conviction could also not be upheld.

The opinion in State v. Kendrick was filed September 10, 1999. Thus, it was filed after the statute of limitations expired in Petitioner Hobbs' case. In Burford, the Tennessee Supreme Court found that strict application of the statute of limitations in post-conviction matters might violate due process if it prohibited a claim based upon grounds for relief that did not exist when the limitations period began to run. 845 S.W.2d at 208. In Sands, the Supreme Court of Tennessee stated that in

applying the Burford rule to "specific factual situations," a three-step process should be utilized to determine:

(1)     When the limitations period would normally have begun to run;
(2)     Whether the grounds for relief actually arose after the limitations period would normally have commenced; and
(3)     If the grounds are "later arising," whether under the facts of the case, a strict application of the limitations period would effectively deny the petitioner a reasonable opportunity to present the claim.

903 S.W.2d at 301.

In Petitioner's case, the limitations period would have begun to run thirty (30) days after he was sentenced to intensive probation, which was in August, 1998. As stated above, the opinion in State v. Kendrick was filed September 10, 1999, more than a year later. Therefore, Petitioner's alleged "ground for relief" (his reliance upon Kendrick) arose not only after the limitations period had begun to run, but after it had expired in August, 1999. The next criteria of Sands, concerns whether under the facts of the case, a strict application of the limitations period would deny the petitioner a reasonable opportunity to present the claim. It is the third criteria of Sands which controls our conclusion that Petitioner's rights to due process are not violated by applying the statute of limitations.

Prior to, and at the time of his guilty plea in May, 1998, Petitioner could have asserted the claim that "Hay House" was not a penal institution, although granted, he would have not had the Kendrick case to cite as authority. However, for whatever reason[s], Petitioner pled guilty to the offense in a negotiated plea agreement, and by doing so, accepted with full knowledge of the facts of the case that the State could establish his guilt beyond a reasonable doubt. Tenn. R. Crim. P. 11(f).

Petitioner alleged in his *pro se* post-conviction petition that he entered his guilty plea on the advice of his trial counsel, who had failed to warn him that the "Hay House" was not a penal institution, "therefore rendering the charge null and void." However, the issue of ineffective assistance of counsel was not pursued by petitioner at the hearing for post-conviction relief, and was not addressed by the post-conviction court. Therefore, that issue is waived. Tenn. Code Ann. § 40-30-202 (a) (Supp. 2000).

Petitioner was not found guilty of a criminal offense that does not exist, as was the defendant in State v. Kimbrough, 942 S.W.2d 888 (Tenn. 1996), wherein the Supreme Court of Tennessee held that there is no such offense in Tennessee as "attempt to commit felony murder." Instead, Petitioner, (absent findings of fact to the contrary) entered a knowing and voluntary plea of guilty to a criminal offense, based upon a factual situation well known to him and was, as a result, convicted of the offense. Petitioner had ample opportunity to present a claim that the "Hay House" was not a "penal institution" prior to his guilty plea. The fact that an appellate court, over a year later, held that another

defendant in an unrelated case could not be convicted of the same criminal offense based upon a virtually identical factual situation, does not result in Petitioner's conviction being null and void.

Therefore, Petitioner's claim for post-conviction relief was barred by the statute of limitations. Even if not so barred, we would be compelled to hold that the trial court erred by granting relief on the issue presented by the Petitioner. Essentially, Petitioner's claim was that the State had insufficient evidence to support his conviction for introduction of drugs into a penal institution, based upon this court's holding in Kendrick. Post-conviction relief is granted only where a petitioner has been denied a constitutional right. Tenn. Code Ann. § 40-30-203 (Supp. 2000). While it is true that, constitutionally, a defendant's conviction must be based upon proof beyond a reasonable doubt of each element of the offense, Jackson v. Virginia, 443 U.S. 307, 315, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); In re Winship, 397 U.S. 358, 364, 90 S.Ct. 1068, 1073, 25 L.Ed.2d 368 (1970), Petitioner Hobbs waived this requirement upon entering a knowing and voluntary plea of guilty. As stated above, there is absolutely nothing in this record to support a conclusion that Petitioner's guilty plea was not voluntarily and knowingly entered. Presumably, by entering a guilty plea, he accepted that the facts which the State could prove would establish his guilt beyond a reasonable doubt. The fact that a later case of this court would give support to a different conclusion, if he had the opportunity to plead guilty again, does not justify granting post-conviction relief in this case. Therefore, since his claim for relief is essentially based upon an attack upon the sufficiency of evidence to support the conviction, relief under the post-conviction act is not cognizable. Absent some proof in the record that Petitioner's guilty plea was not knowingly and voluntarily entered, the only conclusion to be reached is that he waived any challenge to the sufficiency of the evidence upon entry of the guilty plea. Therefore, no constitutional claim was made by the Petitioner in the trial court, and he is not entitled to relief on the petition for post-conviction relief.

## CONCLUSION

The judgment of the trial court is reversed, and Petitioner's conviction for introduction of drugs into a penal institution is reinstated.

_____
THOMAS T. WOODALL, JUDGE

-4-