# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs February 26, 2013 at Knoxville

## STATE OF TENNESSEE v. RAY NEIL THOMPSON

**Appeal from the Criminal Court for Davidson County**
**No. 2008-D-3845     Steve R. Dozier, Judge**

---

### No. M2012-01064-CCA-R3-CD - Filed May 8, 2013

---

The Defendant, Ray Neil Thompson, entered an "open" plea to two counts of aggravated robbery and one count of evading arrest. The trial court determined that the Defendant was a Range III, persistent offender and imposed sentences of twenty-three years at 100% for each of the aggravated robbery convictions and a sentence of eleven months and twenty-nine days for the evading arrest conviction. The trial court further ordered that those sentences were to be served concurrently with one another but consecutively to a prior twenty-seven-year sentence at 100% for aggravated robbery. On appeal, the Defendant argues that trial court erred by ordering 100% release eligibility for his aggravated robbery convictions pursuant to the provisions of Tennessee Code Annotated section 40-35-501(k)(2) and in imposing consecutive sentencing. Following our review, we affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court Affirmed**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and NORMA MCGEE OGLE, JJ., joined.

C. Dawn Deaner, District Public Defender; and Jonathan F. Wing (at guilty plea and sentencing), and Jeffrey A. DeVasher (on appeal), Assistant Public Defenders, for appellant, Ray Neil Thompson.

Robert E. Cooper, Jr., Attorney General and Reporter; Meredith DeVault, Senior Counsel; Victor S. (Torry) Johnson, III, District Attorney General; and Pamela Anderson, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION
### FACTUAL BACKGROUND

On November 25, 2008, a Davidson County grand jury returned a four-count indictment against the Defendant, charging him in Counts 1 through 3 with aggravated robbery, each of which occurred on different dates, and in Count 4 with evading arrest. Count 1 was severed from the other counts. Following a jury trial on Count 1, the Defendant was convicted as charged for the September 12, 2008 aggravated robbery. The Defendant received a twenty-seven-year sentence at 100% for that conviction. See State v. Ray Neil Thompson, No. M2011-01613-CCA-R3-CD, 2013 WL 53977, at *1 (Tenn. Crim. App. Oct. 9, 2012), perm. app. filed, (Tenn. Feb. 22, 2013).

Thereafter, on January 27, 2012, the Defendant entered "open" guilty pleas to the remaining three counts of the indictment—aggravated robbery occurring on September 14, 2008 (Count 2), aggravated robbery occurring on September 16, 2008 (Count 3), and evading arrest following the September 16, 2008 robbery (Count 4). See Tenn. Code Ann. §§ 39-13-402, -16-603. At the Defendant's plea hearing, the prosecutor summarized the facts surrounding Counts 2 through 4 as follows:

> [T]he State's proof in count two would be that on September 14th of 2008 at approximately 6:15 in the evening, the [D]efendant entered into the 21 and Up Video Store located on White Bridge Road here in Davidson County. He had what appeared to be a handgun wrapped in a bandana. When he went in, he pointed the item in the direction of the clerk, Ms. Elaina Harper. He took money from the 21 and Up Video Store without her consent and left. There was in this particular case a surveillance video, a color surveillance video, that captured the [D]efendant on the video as well as part of the vehicle in a nearby parking lot.
>
> The [D]efendant then on September 16th, 2008 in the evening hours also went to 840 Hillwood Boulevard to the Baskin Robbins there also here in Davidson County. He went in likewise, on that particular occasion and had what appeared to be a weapon wrapped in a bandana and used that to threaten Ms. Hunabin Bauctok (phonetic) took money from the store without her consent. He fled during that time. A partial tag number was recovered from a witness in that particular case. As a result of that partial tag and the surveillance video with the vehicle, the [D]efendant was developed as a suspect. And on September 16th, 2008, later in the same evening, officer Sun Yung Park (phonetic) encountered the [D]efendant at 920 Chickasaw where he saw the [D]efendant in the vicinity of the vehicle matching the get-away vehicle in these robberies. When Officer Park ordered the [D]efendant to stop, he fled on foot and was ultimately apprehended when K-9 found where he was hiding.

All of these events occurred here in Davidson County. Oh, and on count four, inside the vehicle where Officer Park saw the [D]efendant standing was in fact a water pistol that was wrapped inside the bandana, which was consistent with what was shown on the video tape, and the description of the Baskin Robbins witnesses.

The Defendant confirmed that the prosecutor's recount of the relevant events was true and correct. After questioning, the trial court accepted the Defendant's plea.

The trial court conducted the Defendant's sentencing hearing on March 13, 2012. The presentence report was admitted into evidence, and the Defendant testified on his own behalf. After hearing the evidence and the arguments of counsel, the trial court took the matter under advisement.

In its written order which followed, the trial court made the following findings of fact and conclusions of law in rendering its sentencing decision:

At the sentencing hearing, the [D]efendant testified that his father was abusive and that he has been working as a mentor in prison with the younger inmates. He stated that a female had given him the gun and he was high at the time of the robbery of the "21 and Up" store.

In making its sentence determination this Court has considered (1) the evidence received at the trial and at the sentencing hearing; (2) the pre-sentence report; (3) the principles of sentencing and arguments as to sentencing alternatives; (4) the nature and characteristics of the criminal conduct involved; (5) evidence and information offered by the parties on the enhancement and mitigating factors; [and] (6) the potential for rehabilitation or treatment. . . .

The [D]efendant concedes and this Court finds that he is a Range III offender for the purposes of sentencing as to counts two and three.

Enhancing Factors (Tenn. Code Ann. § 40-35-114)
The Court finds the following enhancement factors apply to the [D]efendant:
(1) The [D]efendant has a previous history of criminal convictions or criminal behavior, in addition to those necessary to establish the appropriate range. The [D]efendant's criminal record includes seventeen misdemeanor

convictions and seven prior felonies. The Court places great weight on this factor.

(13) At the time of the offense, the [D]efendant was on parole for a prior offense.

<u>Mitigating Factors (Tenn. Code Ann. § 40-35-113)</u>

The [D]efendant requested the Court consider several mitigating factors including the fact that his conduct[] neither caused nor threatened serious bodily injury because the [D]efendant did not actually possess a gun. The Court finds this factor inapplicable because from the victim's perspective bodily injury was threatened. The [D]efendant also cites his difficult childhood, prior drug use, and the death of his sister. The Court places minimal weight on these factors. In addition, the [D]efendant asked the Court for mercy. The [D]efendant cites his age and the fact that he is already serving a twenty-seven year sentence and asked the Court to consider research articles involving the sentencing of older defendants, including consideration of their age upon release. The Court notes the articles indicate that it is less likely for older defendants to commit violent crimes. However, the reason violent offenders receive long prison sentences and "stack up" the prison population is because the law leads to courts assessing lengthier sentences due to the violent nature of the offenses. In this case, the [D]efendant is a Range III offender for which the law mandates 20-30 year sentences to serve. Additionally, the [D]efendant qualifies for consecutive sentencing under the law that the legislature has established based upon his extensive criminal record. The [D]efendant is forty-two years old at the time of sentencing and has under the law committed violent offenses when he was twenty-two years old and again in his late thirties.

Thereafter, considering the applicable enhancement and mitigating factors, the trial court imposed sentences of twenty-three years for each count of aggravated robbery and eleven months and twenty-nine days for evading arrest. "Based upon the [D]efendant's extensive criminal record," the trial court ordered that all of these sentences were to be served concurrently with one another but consecutively to the twenty-seven-year sentence imposed in Count 1 of the indictment. Regarding his release eligibility, the trial determined that the Defendant was required to serve 100% of his sentence pursuant to Tennessee Code Annotated section 40-35-501(k)(2) and, in so ruling, noted as follows:

The [D]efendant conceded that he had a qualifying conviction rendering this statute applicable. He argued it should not apply because the aggravated robbery he was convicted of did not involve a deadly weapon. The Court finds

-4-

there is no proof to support this allegation. By law, the convictions for which he is being sentenced qualify under this statute because a "weapon" or article leading the victim to reasonably believe it to be a weapon was used.

This appeal followed.

## ANALYSIS

On appeal, the Defendant raises two challenges to his sentence. First, the Defendant contends that the trial court improperly sentenced him to 100% release eligibility under Tennessee Code Annotated section 40-35-501(k)(2) because the evidence does not demonstrate that he used an actual firearm during the commission of the offense. Additionally, the Defendant submits that the imposition of consecutive sentencing resulted in an excessive sentence. The State responds that the Defendant must serve 100% of his sentence because he was convicted of aggravated robbery and that consecutive sentencing is appropriate.

As to his first assignment of error, the Defendant raised this precise argument in his prior appeal to this court on Count 1 of the indictment. Therein, we rejected the Defendant's "argument that he cannot be ordered to serve 100 percent of his sentence under Tennessee Code Annotated section 40-35-501(k)(2) because he did not use a firearm in the commission of the aggravated robbery, he used a water gun[,]" reasoning as follows:

> Tennessee Code Annotated section 40-35-501(k)(2) provides the following:
>
> > There shall be no release eligibility for a person committing aggravated robbery, as defined in § 39-13-402, on or after January 1, 2008, if the person has at least one (1) prior conviction for aggravated robbery, as defined in § 39-13-402, or especially aggravated robbery, as defined in § 39-13-403. The person shall serve one hundred percent (100 percent) of the sentence imposed by the court less sentence credits earned and retained; however, no sentence reduction credits authorized by § 41-21-236 or any other provision of law shall operate to reduce the sentence imposed by the court by more than fifteen percent (15%).
>
> The plain language of the statute makes no mention of the requirement that the offense be committed with a firearm. It merely involves an increase in release eligibility when a defendant has a prior aggravated robbery

-5-

conviction. In the present case, Appellant's prior conviction for aggravated robbery rendered him a repeat aggravated robbery offender as a matter of law, and the trial court could not deviate from the release eligibility requirement set forth by the legislature in Tennessee Code Annotated section 40-35-501.

Thompson, 2013 WL 53977, at *8. We reaffirm this holding herein.

Moreover, the Defendant is essentially attempting to challenge the factual sufficiency of his conviction. As relevant here, "[a]ggravated robbery is robbery as defined in § 39-13-401 . . . [a]ccomplished with a deadly weapon or by display of any article used or fashioned to lead the victim to reasonably believe it to be a deadly weapon[.]" Tenn. Code Ann. §§ 39-13-402(a) (emphasis added). At the Defendant's guilty plea hearing, he agreed that the stipulated evidence was sufficient to support his aggravated robbery convictions. In the petition to enter his guilty plea signed by the Defendant, it was noted that the Defendant faced eight to thirty years at 100% for each count of aggravated robbery. Service at 100% was also discussed at the guilty plea hearing. By entering his plea, the Defendant has waived his right to contest the sufficiency of the convicting evidence. See Hobbs v. State, 73 S.W.3d 155, 158-59 (Tenn. Crim. App. 2001) ("Absent some proof in the record that [defendant's] guilty plea was not knowingly and voluntarily entered, the only conclusion to be reached is that he waived any challenge to the sufficiency of the evidence upon entry of the guilty plea."). Thereafter, as noted above, the trial court had no authority to deviate from the release eligibility requirement set forth by the legislature in Tennessee Code Annotated section 40-35-501(k)(2). See Thompson, 2013 WL 53977, at *8.

The Defendant further insists that a review of the legislative history of the statute removes him from application of this section "because the General Assembly specifically intended this provision to apply [only] to person who commit 'crimes using guns[.]'" However, there is no need to resort to the statute's legislative history because the natural and ordinary meaning of the statute is not ambiguous. See State v. Siliski, 238 S.W.3d 338, 362 (Tenn. Crim. App. 2007); see also Henry v. White, 205 S.W.2d 70, 72 (Tenn. 1952). The Defendant was properly sentenced under Tennessee Code Annotated section 40-35-501(k)(2).

Next, the Defendant argues that the trial court erred by imposing consecutive sentencing. The Defendant does not dispute that he meets the statutory criteria for consecutive sentencing based upon his extensive criminal history but instead argues that an effective fifty-year sentence at 100% is not the least severe measure necessary to achieve the purposes of the sentence imposed. Substantially, the Defendant is repeating his mitigating evidence presented at the sentencing hearing.

The trial court may impose consecutive sentencing upon finding the existence of any one of the criteria contained in Tennessee Code Annotated section 40-35-115(b). In the instant case, the trial court found criterion (2), that the Defendant was an offender whose record of criminal activity is extensive. Tenn. Code Ann. § 40-35-115(b)(2). The Defendant does not contest this finding, and the record certainly supports its conclusion.

The standard of review on the issue of consecutive is unclear under our State's current jurisprudence. Our supreme court recently announced that "sentences imposed by the trial court within the appropriate statutory range are to be reviewed under an abuse of discretion standard with a 'presumption of reasonableness.'" State v. Bise, 380 S.W.3d 682, 708 (Tenn. 2012). Our supreme court has further explicitly stated that "the abuse of discretion standard, accompanied by a presumption of reasonableness, applies to within-range sentences that reflect a decision based upon the purposes and principles of sentencing, including the questions related to probation or any other alternative sentence." State v. Caudle, 388 S.W.3d 273, 278-79 (Tenn. 2012). However, in the arena of consecutive sentencing, our supreme court has not issued a definitive ruling on the standard of review to be applied by this court. In response, some panels of this court are applying an abuse of discretion standard based upon the recent decisions of Bise and Caudle, while others are continuing to apply a de novo standard of review until instructed otherwise by our supreme court, and yet others are avoiding the standard of review altogether in deciding the issue. See generally State v. Robert Fusco, No. M2012-01068-CCA-RM-CD, 2012 WL 6062856, at *38-39 (Tenn. Crim. App. Dec. 06, 2012) (silent on standard of review to be applied), perm. app. denied, (Tenn. Apr. 11, 2013); State v. Eric Demond McCathern, No. M2011-01612-CCA-R3-CD, 2012 WL 5949096, at *4-5 (Tenn. Crim. App. Nov. 16, 2012) (majority applying abuse of discretion standard of review and concurring opinion advocating de novo standard of review), perm. app. denied, (Tenn. Feb. 25, 2013).

Here, the Defendant's criminal record, beginning at eighteen years of age and continuing over the next twenty years, includes a plethora of misdemeanor and felony convictions across three states and numerous violations of probation and parole. We agree with the trial court's application of criterion (2). While the Defendant correctly observes that 100% service of his sentences for aggravated robbery cannot be ignored, we conclude that the Defendant's repetitive conduct in this case, committing three separate aggravated robberies, and his prior extensive criminal record, including other violent crimes, warrant imposition of at least partial consecutive sentences.

Additionally, after a review of the transcript from the sentencing hearing, it is clear that the trial court considered the nature and characteristics of the criminal conduct involved, the Defendant's history and background, the mitigating and enhancement factors, and the principles of sentencing. The trial court placed the reasons for imposing the specific

sentence on the record and imposed a combination of concurrent and consecutive sentences in this case, thereby granting the Defendant some leniency. The sentence in this case appears to be consistent with applicable sentencing principles and guidelines. Based upon either standard of review, de novo or abuse of discretion, we affirm the trial court's imposition of consecutive sentencing.

<u>CONCLUSION</u>

Based upon the foregoing, the sentencing decision of the Davidson County Criminal Court is affirmed.

_____
D. KELLY THOMAS, JR., JUDGE