
IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs March 21, 2017

## MITCHELL NATHANIEL SCOTT v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Davidson County**
**No. 2011-B-1498     Seth W. Norman, Judge**

_____

**No. M2016-02241-CCA-R3-ECN**

_____

The *pro se* petitioner, Mitchell Nathaniel Scott, appeals the denial of his petition for writ of error coram nobis by the Davidson County Criminal Court, arguing the trial court erred in summarily dismissing the petition because newly discovered evidence exists in his case. The petitioner also calls on this Court to apply the doctrine of stare decisis and ignore the Tennessee Supreme Court holding of *Frazier v. State*, 495 S.W.3d 246 (Tenn. 2016). After our review, we affirm the summary dismissal of the petition pursuant to Rule 20 of the Rules of the Court of Criminal Appeals.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

J. ROSS DYER, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and TIMOTHY L. EASTER, JJ., joined.

Mitchell Nathaniel Scott, Clifton, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Zachary T. Hinkle, Assistant Attorney General; Glenn Funk, District Attorney General; and Jennifer Smith, Assistant District Attorney General, for the appellee, State of Tennessee.

## MEMORANDUM OPINION

In 2011, the petitioner was indicted for two counts of aggravated child abuse and two counts of aggravated child neglect after inflicting second degree burns upon his three-year-old son. On January 28, 2013, the petitioner entered a "best interest" plea to one count of aggravated child abuse. Prior to the imposition of his sentence, the petitioner filed a motion to withdraw his guilty plea on February 27, 2013. The withdrawal motion was denied, appealed, and subsequently affirmed by this Court. *See*

*State v. Mitchell Nathaniel Scott*, No. M2013-01169-CCA-R3-CD, 2014 WL 1669964 (Tenn. Crim. App. Apr. 25, 2014). A sentencing hearing was held on June 25, 2014 wherein the petitioner received a seventeen-year sentence to be served at one hundred percent. The petitioner then sought post-conviction relief, the denial of which was affirmed by this Court. *See Mitchell Nathaniel Scott v. State*, No. M2016-01210-CCA-R3-PC, 2017 WL 1063481 (Tenn. Crim. App. Mar. 21, 2017) *perm. app. filed* (Tenn. Apr. 13, 2017).

In addition to the above proceedings, the petitioner filed an application for writ of error coram nobis on September 23, 2016. In both his original and amended petitions, the petitioner sought to collaterally attack his guilty plea, alleging "newly discovered evidence" exists in his case. According to the petitioner, the new evidence included "a maintenance-work order showing replacement of the hot water heater" and a newspaper article entitled "Court reverses child abuse conviction."

Upon its review, the trial court held the petitioner's claim is barred pursuant to *Frazier v. State*, 495 S.W.3d 246 (Tenn. 2016), stating:

> Our Supreme Court has very recently addressed the issue of collaterally attacking a guilty plea by petitioning for a writ of error coram nobis [in *Frazier*]. The Court has determined that, due to the nature and requirements of the plea colloquy, the coram nobis statute is not available as a procedural mechanism for collaterally attacking a guilty plea.
>
> Although the Court in *Frazier* does not explicitly discuss "best-interest" pleas, the analysis is the same. A guilty plea proceeding is neither contested nor adversarial. If a guilty plea hearing does not constitute a trial for the purposes of the error coram nobis, nor does a best-interest plea. Further, the trial court must ensure during the plea submission hearing that the [petitioner] is waiving his right to a trial. This is true regardless of whether the plea was entered as a best-interest plea or not. There is no contest wherein evidence, if submitted, might have resulted in a different outcome. This [c]ourt finds that *Frazier* applies in the instant case and no coram nobis relief is available to the [p]etitioner.

Accordingly, the trial court denied the petition, and this appeal followed.

The writ of error coram nobis in criminal cases is a statutory remedy limited to "errors *dehors* the record and to matters that were not or could not have been litigated on the trial of the case, on a motion for a new trial, on appeal in the nature of a writ of error, on writ of error, or in a habeas corpus proceeding." Tenn. Code Ann. § 40-26-105(b).

To obtain relief, a petitioner must show he "was without fault in failing to present certain evidence at the proper time." *Id.* If successful, "a writ of error coram nobis will lie for subsequently or newly discovered evidence relating to matters which were litigated at the trial if the judge determines that such evidence may have resulted in a different judgment, had it been presented at the trial." *Id.* "Our supreme court has stated the standard of review as 'whether a reasonable basis exists for concluding that had the evidence been presented at trial, the result of the proceedings might have been different.'" *Kenneth Dale Sanders v. State*, No. M2016-00756-CCA-R3-ECN, 2017 WL 633784, at *2 (Tenn. Crim. App. Feb. 16, 2017) (citing *State v. Vasques*, 221 S.W.3d 514, 525-28 (Tenn. 2007)).

On appeal, the petitioner asks this Court to "apply the doctrine of stare decisis, adhere to [the] previous reasoning in *Wlodarz v. State*, 361 S.W.3d 490 (Tenn. 2012), and hold that the writ of error coram nobis . . . may be used in a collateral attack on a guilty plea."[1] The State asserts the petitioner is not entitled to error coram nobis relief under *Frazier* because he pled guilty to aggravated child abuse rather than going to trial. 495 S.W.3d 246, 249 (Tenn. 2016). Upon our review of the petitioner's claims, we agree with the State.

In *Frazier*, our Supreme Court overturned *Wlodarz*, and explicitly held "the coram nobis statute is not available as a procedural mechanism for collaterally attacking a guilty plea." *Id.* at 253. The present appeal concerns the petitioner's application for writ of error coram nobis for his conviction for aggravated child abuse entered pursuant to a guilty plea. Accordingly, under *Frazier*, the petitioner is not entitled to the requested relief. Though the petitioner asks this Court to ignore the *Frazier* ruling, we are bound by the decisions of our higher Court. *See State v. Brown*, 373 S.W.3d 565, 574 (Tenn. Crim. App. 2011) (citing *Barger v. Brock*, 535 S.W.2d 337, 341 (Tenn. 1976) (acknowledging this Court is "required to strictly follow the law as set forth by our supreme court and, thus, cannot rule contrary to precedent established by that court even if we feel that a ruling should be revisited"). As such, we adhere to the rule of law as defined in *Frazier*, wherein the Tennessee Supreme Court eliminated the petitioner's ability to collaterally attack his guilty plea through a writ of error coram nobis. The petitioner is not entitled to relief.

Furthermore, as noted by the State in its brief, the petitioner's request for coram nobis relief is time barred. A petitioner has one year from the date a judgment becomes final to seek relief under a writ of error coram nobis. Tenn. Code Ann. § 27-7-103. "The one-year statute of limitations, may, however, be tolled on due process grounds if the

---

[1]In *Wlodarz*, the Tennessee Supreme Court held, in part, that a guilty plea "qualifies as a trial" and, thus, the writ of error coram nobis could be used as a collateral attack. 361 S.W.3d at 503.

petitioner seeks relief based upon newly discovered evidence of actual innocence." *Kenneth Dale Sanders v. State*, 2017 WL 633784, at *2 (citing *Wilson v. State*, 367 S.W.3d 229, 234 (Tenn. 2012)). The issue of whether a claim is barred by an applicable statute of limitations is a question of law, which this court reviews de novo. *Id.*

Here, the record shows the petitioner's coram nobis petition was filed outside the applicable one-year statute of limitations period. The petitioner's judgment was entered June 25, 2014, thus, he had until July 25, 2015 to timely file his coram nobis petition. The petitioner, however, did not file the petition until September 23, 2016. Nothing in the record warrants the tolling of the statute of limitations on due process grounds. Therefore, the petitioner's claim is time-barred, and he is not entitled to relief.

Finally, in his brief, the petitioner attacks the sufficiency of the evidence supporting his guilty plea. However, the petitioner waived this argument upon entering a guilty plea. *See Hobbs v. State*, 73 S.W.3d 155, 158–59 (Tenn. Crim. App. 2001) ("Absent some proof in the record that [the petitioner's] guilty plea was not knowingly and voluntarily entered, the only conclusion to be reached is that he waived any challenge to the sufficiency of the evidence upon entry of the guilty plea."). Nothing in the record suggests the petitioner's guilty plea was "not knowingly and voluntarily entered." Again, the petitioner is not entitled to relief.

When an opinion would have no precedential value, the Court of Criminal Appeals may affirm the judgment or action of the trial court by memorandum opinion when the judgment is rendered or the action taken in a proceeding without a jury and such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge. *See* Tenn. Ct. Crim. App. R. 20. We conclude that this case satisfies the criteria of Rule 20. Accordingly, the judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
J. ROSS DYER, JUDGE